**Morris WEXLER and Annabel Wexler, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 12780.**

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1957.

Edward Ginsberg, Cleveland, Ohio, Gottfried, Ginsberg & Guren, Cleveland, Ohio, on the brief, for petitioners.

C. Guy Tadlock, Washington, D. C., Charles K. Rice, Lee A. Jackson and Robert N. Anderson, Washington, D. C., on the brief, for respondent.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

ALLEN, Circuit Judge.

This is a petition to review determinations of deficiency for taxable years 1949 and 1950, for which petitioner and his wife filed joint returns. The Commissioner determined a deficiency of $53,476.18 against petitioner, who owned and operated a race wire service and a racing stable and also placed extensive individual bets on horse races. The Tax Court reduced the Commissioner's determination to not less than $40,150 for 1949. Penalties determined under Section 293(a) and 294(d), Internal Revenue Code of 1939, 26 U.S.C. §§ 293(a), 294(d), for the year 1949 are not questioned if the determination of deficiency for that year is sustained. Also the Tax Court upheld a penalty against petitioner for negligence under Section 293(a) because of his not keeping accurate records of the cost of horses purchased in 1950. The Tax Court, as shown by its findings and opinion, gave the case thorough consideration. It deducted $10,635 won from layoff bets placed through petitioner by Griffiths, and reduced the deficiency for 1949 by $2,565.

Petitioner's main contentions are that the findings of the Tax Court are against the weight of the evidence, that petitioner has sustained his burden of proving the Commissioner's determination wrong, and that Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, requires reversal.

The principal evidence introduced was a series of betting sheets from the bookmaker W. J. Griffiths of Barberton, Ohio, with whom petitioner placed several hundred thousand dollars of bets during 1949 for petitioner and Luke Smith, a betting commissioner of Rochester, N. Y. The betting sheets, which were entered daily, showed for 1949 total wins for petitioner of $386,845, total losses of $328,840, and net wins of $58,105.

The case turns essentially on questions of fact upon which the Tax Court made detailed findings which are supported by the record. In order to sustain petitioner's claim that he had no additional unreported income for 1949 from gambling winnings, we must ignore petitioner's long-established betting activity: the written record of the betting sheets which were checked for accuracy by the Government against the racing manual and found to be correct; the evidence of payments of amounts won, either by cash, by certified check to fictitious persons, or by switching of credits; and sheets for days on which both petitioner and Luke Smith placed bets. Petitioner urges that many of the bets upon which winnings were allocated to him were bets made by him with Griffiths for Smith. Petitioner testified that he had no gambling winnings in 1949. However, he admitted that he made personal bets on his own and other horses. Smith, a fairly candid witness, testified that he would not as a rule have placed bets through petitioner on those days when Smith was making bets directly with Griffiths. Since the amount of $43,815 was totaled from the days when both petitioner and Smith were placing bets with Griffiths, substantial evidence supports the Tax Court's finding that up to $40,150 constituted winnings to petitioner. Detailed records of his personal winnings were kept by petitioner during this period but he destroyed them all prior to the investigation. Thus the fact that the Tax Court cannot determine the deficiency in exact dollars and cents is due to petitioner's own failure to keep books as required by the statute.

Petitioner was not inexperienced in these matters. His racing stable was a large concern. He had some 20 named horses on which he bet, as well as others. All accounts of the stable were kept by an expert accountant.

Section 54(a) of the Internal Revenue Code of 1939, 26 U.S.C. § 54(a) and Treasury Regulations 111, Section 29.54–1 required petitioner to keep permanent records sufficient to enable the Commissioner to determine the correct amount of income subject to the tax. Under 26 U.S.C. § 41, since petitioner's records were destroyed, the Commissioner was authorized to compute the amount in such a way as in his opinion clearly reflected petitioner's income. The burden of proving that the deficiency determination was wrong rested on petitioner. Interstate Transit Lines v. Commissioner of Internal Revenue, 319 U.S. 590, 594, 63 S.Ct. 1279, 87 L.Ed. 1607; Rubino v. Commissioner of Internal Revenue, 6 Cir., 226 F.2d 291, 295. The Tax Court was authorized to modify the findings and decision of the Commissioner, Blair v. Oesterlein Machine Company, 275 U.S. 220, 48 S.Ct. 87, 72 L.Ed. 249, and its findings are conclusive if supported by the record. Rubino v. Commissioner of Internal Revenue, supra. The findings of the Tax Court that petitioner had realized additional gambling income in 1949 of not less than $40,150 is sustained by ample evidence and is conclusive here.

Petitioner's failure to keep records on the purchase price of horses for his racing stable clearly constituted negligence and authorized a penalty for 1950 under Section 293(a).

Taylor v. Commissioner of Internal Revenue, 2 Cir., 70 F.2d 619, affirmed 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, does not affect this holding. That case decided that, while the original assessment of the Commissioner is presumptively correct, this presumption does not extend to other findings which the Commissioner has never made. The doctrine does not cover findings specifically made by the Tax Court and based upon sub-

**306**

stantial record evidence which, as repeatedly held, are binding on this court. Here petitioner's own evidence, taken with that of the Commissioner, was "sufficient also to establish the correct amount that lawfully might be charged against him." Helvering v. Taylor, supra, 293 U.S. 515, 55 S.Ct. 291.

The decision of the Tax Court is affirmed.