Peter J. and Penny V. MARCELLO,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 23154.

United States Court of Appeals
Fifth Circuit.

June 16, 1967.

Rehearing Denied Aug. 29, 1967.

deQuincy V. Sutton, Meridian, Miss., for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Donald W. Williamson, Jr., Attys., Dept. of Justice, Lester Uretz, Chief Counsel, IRS, Glen Hardy, Atty., IRS, Washington, D. C., for respondent.

Before RIVES, COLEMAN and GODBOLD, Circuit Judges.

RIVES, Circuit Judge.

The taxpayers seek review of decisions by the Tax Court holding them liable for deficiencies in income tax for the year 1959 and negligence penalties for the years 1958 and 1959. We affirm.

## I. 1958.

Peter J. and Penny V. Marcello, husband and wife, filed a joint federal income tax return for the taxable year 1958. George S. and Minnie L. Valentine, parents of Penny, also filed a joint return for the taxable year of 1958. The Valentine return included a $1,040.51 loss resulting from operations in 1958 of two New Orleans, Louisiana, bar and lounge businesses, known as the Ship's Lounge and the Latin Quarter. The Commissioner determined, and the Tax Court agreed that Peter Marcello owned and operated the two businesses during the year 1958 and simply caused them to be operated in the name of Valentine. The lower court concluded that all income derived from the operation of the businesses was taxable to Peter Marcello and not to George Valentine.[1] It was determined that Marcello understated his taxable income from the Ship's Lounge and Latin Quarter.

The Tax Court further found that Marcello had not properly reported the total long and short-term capital gains from a sale of the Latin Quarter. On April 1, 1958, he acquired the Latin Quarter for $4,000. He later incurred costs in the sum of $7,877.31 for bar and lounge equipment and carpets. On December 12, 1958, he sold the businesses for $28,000, realizing a total gain of $14,302.99. Out of the total gain, $12,907.02 represented long-term capital gain and $1,395.97 represented short-term capital gain. The taxpayers' joint return had improperly reported only $7,000 as a long-term gain and included no short-term gain as a result of the sale of the Latin Quarter.

The Tax Court held that the taxpayers did substantially understate their taxable income for the year 1958, such understatement was due to negligence, and they were, therefore, liable for the additions to tax imposed by Section 6653(a) of the 1954 Internal Revenue Code.[2] The taxpayers do not contest the determination of these particular understatements, but do contend that the finding of negligence is erroneous.

There is ample evidence to support the holding of the Tax Court. The Tax Court's finding does not rely on the presumption that the Commissioner had correctly asserted the negligence penalty. Instead, the decision rests on a showing in the record that the 1958 deficiency was due to negligence. The Tax Court decision is not clearly erroneous.

## II. 1959.

The taxpayers also filed a joint return for the taxable year 1959. By using the "bank deposits plus expenditures" method, the Commissioner reconstructed the taxpayers' income and determined that $51,748.18 was improperly not reported. The Tax Court, upholding the Commissioner in part, found that $27,126.13 was understated and such understatement was due to negligence. The taxpayers assert that the amount of the deficiency and the negligence penalty for the year 1959 were erroneously determined.

Much of the taxpayers' argument was considered and rejected in the

1. Various amounts paid in operating the businesses were allowed as ordinary and necessary business expenses to Marcello.

2. 26 U.S.C.A. § 6653(a).

related case, Vincent and Sadie Marcello v. Commissioner of Internal Revenue, No. 23151, 5 Cir., 380 F.2d 495, decided this day. The "bank deposits plus expenditures" method was an appropriate method to reconstruct income. Furthermore, there is no arbitrariness simply because the Commissioner erred in some of his choices as to what constituted income.[3] Finally, the taxpayers have the burden to show that various deposits and expenditures do not represent income and that particular items should be allowed as credits against income.[4] They did not bear their burden.

The taxpayers make two specific contentions which deserve a brief comment. First, they suggest that $8,150 was added twice in computing income for 1959. On their 1959 return, they reported $8,150 from gambling winnings. They claim this money was deposited in the Metairie Savings Bank. The Commissioner, when tabulating the 1959 income, included deposits in this bank and the winnings from the gambling in the total income figure. The taxpayers assert that the deposit total should have been lessened by $8,150 since the gambling winnings were added into the total income figure.[5] The Tax Court held that there was no evidence that the $8,150 was in whole or in part used to make bank deposits. The taxpayers have not proved their case.[6]

Second, the taxpayers contend that many bank deposits made during 1959 were from cash hoards acquired from the 1958 sale of the Latin Quarter and Ship's Lounge. There was no evidence or testimony that the sale proceeds were kept in cash form and periodically deposited in the bank. In Cefalu v. Commissioner of Internal Revenue, 5 Cir. 1960, 276 F.2d 122, we observed the numerous times cash hoards suddenly appear in tax cases.[7] As we did there, we reject the unsupported contention that a cash hoard existed.

As to the Section 6653(a) penalty, we agree with the Tax Court that the failure to maintain accurate records of cash transactions and adequate records of gambling winnings is a basis for assessing the negligence penalty.[8] There is no merit to the taxpayers' argument that the Commissioner in the deficiency notice for 1959 should have indicated the part of Section 6653(a) on which he relied. Carlos and Jacqueline Marcello v. Commissioner of Internal Revenue, 5 Cir., 380 F.2d 499, supra.

Affirmed.

---

3. See also Price v. United States, 5 Cir. 1964, 335 F.2d 671; Cefalu v. Commissioner of Internal Revenue, 5 Cir. 1960, 276 F.2d 122.

4. See Anderson v. Commissioner of Internal Revenue, 5 Cir., 1957, 250 F.2d 242, cert. den., 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed.2d 844.

5. The entry "gambling winnings" was a journal entry on the tax return and at most an admission by the taxpayers that $8,150 was earned at the dice and card tables. The taxpayers never disclaimed the earning of $8,150. The amount, therefore, can be part of the computations to determine total income. Unlike bank deposits and sales proceeds, the entries on tax forms are not always evidence of income.

6. See Cefalu v. Commissioner of Internal Revenue, 5 Cir. 1960, 276 F.2d 122, 128.

7. See Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Anderson v. Commissioner of Internal Revenue, 5 Cir. 1957, 250 F.2d 242; Goldberg v. Commissioner of Internal Revenue, 5 Cir. 1956, 239 F.2d 316.

8. See discussion and cases collected in Balter, Tax Fraud and Evasion § 8.2–4. See also Wexler v. Commissioner of Internal Revenue, 6 Cir. 1957, 241 F.2d 304, cert. den., 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538.