ROBERTO S. WEBSTER AND M. HELDA WEBSTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webster v. Commissioner
Docket No. 6492-79.
United States Tax Court
T.C. Memo 1982-427; 1982 Tax Ct. Memo LEXIS 312; 44 T.C.M. (CCH) 609; T.C.M. (RIA) 82427; July 28, 1982. *312 Respondent determined that petitioners under-reported income by $42,145.81 for 1974 and by $20,042.11 for 1975. Held, the discrepancies revealed by respondent's bank deposit method are in part attributable to loans made to petitioners by various persons. Held further, petitioners have not proved that they are entitled to deduct alleged partnership losses for the years in question. Held further, petitioners are liable for the addition to tax pursuant to sec. 6653(a), I.R.C. 1954. Roberto S. Webster, pro se. Ivan A. Gomez, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated February 20, 1979, respondent *313 determined deficiencies in and additions to petitioners' Federal income taxes as follows: Taxable Year Ended
Addition to Tax
Dec. 31,
Deficiency
Under Sec. 6653(a)
1974
$16,856.76
$842.84
1975
6,175.40
308.77
After concessions, the issues for decision are: (1) whether petitioners understated their taxable income in the amounts determined by respondent for the taxable years 1974 and 1975; (2) whether petitioners are entitled to deduct alleged partnership losses for 1974 and 1975; and (3) whether petitioners are liable for additions to tax pursuant to section 6653(a), I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. *314 Petitioners Roberto S. Webster and his wife, M. Helda Webster, resided in Miami, Florida at the time of filing the petition herein. They filed joint Federal income tax returns for the taxable years 1974 and 1975 with the Office of the Director, Internal Revenue Service. During the years at issue, petitioner Roberto Webster was employed by Aerocondor Airlines in Miami. During 1974, Mr. Webster earned $16,000 in wages from his employer and $2,340 in commissions. In 1975, he earned $14,000 in wages from Aereocosta and $7,647 in wages from Aerocondor. Additionally, during the years at issue, petitioner was engaged in a joint venture with Mr. Willie Randolph-Eubanks. The joint venture was alleged to be a partnership which owned two fishing vessels. Utilizing the bank deposits method, respondent determined that petitioners had income of $62,500.81 in 1974 and $43,067.67 in 1975. Accordingly, respondent determined that petitioners underreported income by $42,145.81 and $20,042.11 for the taxable years 1974 and 1975, respectively. Petitioner Mr. Webster claimed that a $10,000 bank deposit made by him on August 1, 1974 was attributable to a loan received from his wife's parents *315 for the purchase of a home. Mr. Webster frankly stated that he had no way of proving that such a loan had been made since it had been made in cash. His wife's parents lived in Honduras and, according to Mr. Webster, the loan had to be made in American dollars purchased on the blackmarket due to tight monetary controls existing in South America at the time. Similarly, Mr. Webster stated that a $6,000 deposit made on November 18, 1974 was derived from a cash loan made to him by his own parents. Other deposits totaling $10,800 during the taxable year 1974 allegedly were received by petitioner from a Mr. F. A. Connor as a cash loan for the purpose of enabling Mr. Webster to make a down payment on the newly acquired home. Additionally, Mr. Connor allegedly loaned Mr. Webster $1,000 in 1975. Mr. Webster stated that Mr. Connor had been a close friend of his for a number of years but that he had lost touch with Mr. Connor in recent years. He also stated that the loans made by Mr. Connor had been repaid in full and that he still owed $4,000 to his wife's parents. OPINION Respondent utilized the bank deposit method to support his determination that petitioner had unreported income *316 in the taxable years 1974 and 1975. Petitioners maintain that they did not underreport their income, and that discrepancies revealed by respondent's method are in part attributable to the deposit of proceeds from several loans made to Mr. Webster during the years at issue. Petitioners contend that the remaining unreported income is more than offset by losses incurred by petitioners as a result of Mr. Webster's participation in a fishing boat enterprise. Respondent's determination of deficiency is presumed correct and petitioners have the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Marcello v. Commissioner,380 F.2d 509 (5th Cir. 1967), affg. a Memorandum Opinion of this Court. [1] It is settled that a deficiency determination properly based on unexplained bank deposits is entitled to the presumption of correctness. Armes v. Commissioner,448 F.2d 972 (5th Cir. 1971), revg. on other issues a Memorandum Opinion of this Court; [2]Estate of Mason v. Commissioner,64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977). The bank deposits method is a proper method for establishing *317 the existence of unreported income. Marcello v. Commissioner,supra at 511. At trial, respondent suggested a potential source of the underreported income as being payments received by petioner Mr. Webster in exchange for certain unspecified preferential treatment given to customers during the course of his employment. Respondent also alluded during trial to the possibility that Mr. Webster had income from his partnership during the years in question. We found petitioner Mr. Webster to be a highly credible and forthright witness. We believe his testimony with respect to the loans. Accordingly, despite the fact that Mr. Webster was unable to substantiate the loans by means of documentation, we find that the discrepancies revealed by respondent's bank deposits method are in part attributable to these loans. Thus, petitioners' income as determined by respondent should be reduced by $20,800 for the taxable year 1974 and by $1,000 for the taxable year 1975. Petitioners alleged that Mr. Webster was engaged in a partnership with Willie Randolph-Eubanks during 1974 and 1975, and *318 that the losses incurred by the partnership during those years were sufficient to offset any additional income that Mr. Webster might have realized. However, no partnership returns ever were filed for the years in question and petitioners failed to claim partnership losses on their individual returns for those years. While this certainly does not preclude the possibility that losses can be recognized by petitioners, it does not strengthen their claim. A partnership loss is deductible to the extent of the partner's adjusted basis in the partnership at the end of the partnership year in which the loss is incurred. Sec. 704(d). Such basis is measured by the amount of the original contribution to the partnership, and increased by subsequent contributions and adjusted each year as provided in section 733 and section 705(a). Thus, before a taxpayer is entitled to deduct partnership losses, he must establish that he has enough basis at the end of the taxable year to cover such losses. There is insufficient evidence in the record to establish Mr. Webster's basis in his partnership, and therefore petitioners have failed to carry their burden of proving that they have offsetting deductions *319 for the years in question. Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure.
Furthermore, petitioners have failed to produce sufficient documentation to establish the partnership losses allegedly incurred during 1974 and 1975. The accounting books of the partnership submitted at trial contained a number of apparent inaccuracies. These reduce any evidentiary value that we can give to such records. The expenses claimed on the partnership's income statements were not substantiated and there was no documentary evidence that they actually had been paid or were otherwise properly deductible by petitioners during the taxable years. We believe that in all probability petitioners did incur losses from the fishing partnership during the years at issue. However, vague allegations that such losses were incurred and were sufficient to offset the remaining unreported income will not satisfy petitioner's burden of proof in this connection. The accounting records introduced at trial were kept by a citizen of Honduras who was not available to testify. Neither petitioner Mr. Webster nor his partner possessed sufficient familiarity with or *320 understanding of these records to establish their accuracy. If Mr. Webster wishes to receive the tax benefits allowed taxpayers for losses incurred in a business, proper records should be maintained and such losses should be reported on his returns. Altogether, we find that petitioners have failed to carry their burden of proof with respect to the partnership losses, and therefore they cannot be deducted. Petitioner failed to present evidence contravening respondent's determination of additions to tax pursuant to section 6653(a), and therefore we sustain respondent on this issue. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. T.C. Memo 1964-304↩. 2. T.C. Memo. 1969-181↩.