ARMANDO ROY AND NANCY LEE CHABOYA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roy v. Commissioner
Docket No. 10190-89
United States Tax Court
T.C. Memo 1992-298; 1992 Tax Ct. Memo LEXIS 323; 63 T.C.M. (CCH) 3055; May 20, 1992, Filed *323 Decision will be entered under Rule 155. Armando Roy and Nancy Lee Chaboya, pro sese. Cathleen A. Jones and Mark S. Pendery, for respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1985
$ 8,095
$ 377
[1]
$ 1,886
After concessions, [1] the issues for decision are: (1) Whether petitioners received and failed to report income from their Herbalife business. We hold that they received and failed to report this income. (2) Whether petitioners paid or incurred salary expenses from the operation of their Herbalife business which they claimed as a deduction. We hold that they have not established that they paid or incurred any amount which they may deduct as a salary expense. (3) Whether petitioners are liable for additions to tax due to *324 negligence or intentional disregard of rules or regulations under section 6653(a)(1) and (2). We hold that they are liable for these additions.
Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for 1985, and Rule numbers refer to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and accompanying exhibits are incorporated *325 by this reference. Petitioners resided in Jenks, Oklahoma, when their petition was filed. Petitioners were Herbalife distributors doing business as A.R.C. Enterprises in 1985. On petitioners' 1985 Federal income tax return, they reported income in the following amounts: Description
Amount [2]
Wage income (W-2)
$ 11,074
Interest income
51
Gross receipts reported
on Schedule C
15,840
Form 1099-MISC (royalties)
1,152
Car Allowance (W-2)
516
Form 1099-MISC (nonemployee
compensation)
224
Unexplained
63
TOTAL $ 28,920
Petitioners made bank deposits in 1985 in the total amount of $ 39,858. After making adjustments for funds transferred between their business and personal bank accounts and for any documented loans or receipts of cash, their deposits exceed reported income by $ 10,938. Daniel Chaboya, petitioners' oldest child, was 13 in 1985. His primary income source was from a paper route and doing yard work. He earned approximately $ 1,000 in 1985. He *326 had a savings account but did not have a checking account, nor did he file a Federal income tax return in 1985.
Daniel, along with his younger siblings, worked in the family business assisting in the sales of Herbalife products for which the children were given a "compensation package". Compensation consisted primarily of a family outing to a pizza restaurant twice a month and to a yogurt store, about once or twice a week. The outings cost about $ 10 per week. They also included money spent on the children for clothing and other miscellaneous personal items as compensation. As a result of the unexplained bank deposits totalling $ 10,938, the Commissioner determined a deficiency in petitioners' Federal income tax due on this amount as unreported income. They deducted $ 8,834 on Schedule C attached to their 1985 Federal income tax return as their cost of labor. The Commissioner disallowed this deduction in full. The Commissioner also determined additions to tax for negligence or intentional disregard of rules or regulations. OPINION Petitioner has the burden of proving error in respondent's determination of deficiency and additions to tax. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); *327 Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Respondent utilized an established and recognized method of income reconstruction from bank deposits when the deposits exceed known and documented income. Marcello v. Commissioner, 380 F.2d 509, 511 (5th Cir. 1967), affg. T.C. Memo. 1964-304. This method, and the determination resulting therefrom, is entitled to the presumption that it is correct. Estate of Mason v. Commissioner, 64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977). In the bank deposits method, deposits and cash expenditures are totaled, unless the cash was derived from withdrawals from the bank. Subtracted from this total are proceeds of loans, redeposits, and identifiable nonincome. The remainder is taxable income, unless shown to be otherwise. The income calculated by this method is compared with the amount reported on the income tax return and any excess is considered an understatement of income. Marcello v. Commissioner, 380 F.2d 494, 496 n.4 (5th Cir. 1967), affg. in part and revg. and remanding in part T.C. Memo. 1964-302.
*328 1. Unreported Income
During trial, petitioners admit that they did, in fact, fail to report $ 4,555 in income from their Herbalife business. With respect to the remaining $ 6,383 in unexplained bank deposits, they offer completely specious arguments in an attempt to establish that the deposits resulted from loans from their children. There is no documentation such as a ledger or a payment schedule regarding these so-called loans. Even in Daniel Chaboya's highest estimation, he stated that he lent his parents $ 1,000 in 1985. This does not account for the remaining $ 5,383 in unexplained bank deposits. Petitioners introduced two checks dated "3-18-86" made payable to two of their children in the following amounts: $ 200 to Daniel and $ 150 to Hannah. They also presented four checks dated "3-29-86" made payable to four of their children as follows: $ 75, $ 50, $ 18, and $ 10, to Daniel, Sarah, David, and Nathan, respectively. In the memo block of these six checks, petitioner Armando Chaboya testified that he wrote "monies borrowed '85". It is quite clear that this memo was written by the same pen at the same time the memo notations on all the checks were written, but *329 not at the same time the checks were written. This was obvious from the different shade of ink from the pen used to write the check compared with the notation in the memo block and the consistency of the author's penmanship in all the memo blocks. We conclude that this was done in preparation for this case. Finally, petitioners make much of a loan from Daniel which they in turn used to pay his orthodontist. The receipt from this dentist merely states that $ 300 was "Received of Chaboya". Respondent contends that the $ 300 could have been received by either petitioners or Daniel because they have the same last name. Apart from the documents described, petitioners' evidence consists of vague, self-serving, and otherwise unsubstantiated testimony. We closely scrutinize loans between family members to test whether the arrangement in question is bona fide or if it grew out of the family relationship. Kuney v. Frank, 308 F.2d 719 (9th Cir. 1962). [3] In the instant situation, the loans are particularly suspect because petitioners did not act in a businesslike manner when the debt was created. For example, no one could remember the amounts of any of the loans. *330 Petitioner Armando Chaboya could not recall when he made the notations on the six checks to repay his children. Petitioners made no attempt to establish a relationship between the purported cash loans from the children to specific deposits of cash in their bank accounts. On this record, we hold that petitioners have failed to prove that the alleged loans ever found their way into their bank accounts. As a result of petitioners' failure to establish that there were any nontaxable deposits into their bank accounts, we need not address respondent's alternative theory that there were, in fact, no bona fide loans from the children to petitioners. Respondent is sustained on this issue. 2. Deduction for Salaries
Section 162(a)(1) provides for the deduction of ordinary and necessary business expenses including reasonable salaries. Compensation is deductible if it is reasonable in amount, based upon services actually rendered, and *331 actually paid or incurred. Sec. 1.162-7(a), Income Tax Regs.
Petitioners argue that in a previous audit for their 1984 tax year, they claimed salary expenses of $ 900, and the Commissioner settled their case without disallowing this reported expense. They also argue that they paid their children for working in the family Herbalife business with occasional cash payments and with "treats" such as trips to pizza parlors and yogurt stands. Daniel Chaboya, age 13 in 1985, testified that his work consisted of picking up and transporting orders, loading and unloading products, assisting with inventory, and taking messages. He further testified that his younger brothers and sisters helped "to a lesser extent". Thus, petitioners argue that they are entitled to deduct $ 8,834 as salary expenses. Respondent argues that any settlement of a dispute of petitioners' 1984 income tax year is irrelevant to the year before the Court. Respondent further argues that, even assuming that the work which Daniel described was actually performed, the amount paid was not a reasonable amount. Respondent also contends that there is no evidence that the work was actually done, such as a document reflecting *332 hours worked and services performed. Finally, respondent argues that petitioners have not proved that the amount deducted was actually paid. We agree with respondent. Petitioners' 1984 Federal income tax liability is not before this Court and any settlement with regard to it is irrelevant. Further, there is no evidence that petitioners actually paid $ 8,834 as a salary to their children in 1985. The money spent for pizza, yogurt, and clothing is a personal family expenditure and is not deductible. Sec. 262. Given petitioners' theory of their unexplained bank deposits, even if they physically made cash payments to the children, they borrowed the money back from them. With the absence of any documentation of these purported salary payments, we hold that petitioners have not proved that they actually paid $ 8,834 which they deducted as a salary expense. Accordingly, we hold for respondent on this issue. As a result of this holding, we need not address respondent's arguments that the salary, if paid, was not reasonable, and that petitioners have not established that the services were actually rendered. 3. Additions to Tax
Section 6653(a) provides for an addition to *333 tax if any part of an underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules or regulations. Petitioners testified that they are honest citizens with a high degree of moral character. They also elicited such testimony from their son, Daniel, and presented letters as character references from the Mayor of Tucson, Arizona, college and high school professors, and friends of the family. We presume by this evidence that petitioners wish us to infer that they would not deceive the Commissioner with respect to positions taken on their Federal income tax return. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), *334 affg. 79 T.C. 714 (1982); Neely v. Commissioner, 85 T.C. 934, 947 (1985). While a showing of honesty, good faith, and disclosure by the taxpayer may preclude the existence of fraud, good faith does not always negate negligence. Wesley Heat Treating Co. v. Commissioner, 30 T.C. 10, 26 (1958), affd. 267 F.2d 853 (7th Cir. 1959); Richlands Medical Association v. Commissioner, T.C. Memo. 1990-660, affd. 953 F.2d 639 (4th Cir. 1992). Rather, the taxpayer must show that he acted reasonably and prudently and exercised due care. Neely v. Commissioner, supra.
Petitioners claimed personal expenses as business expenses. They have failed to keep proper records to support deductions claimed on their Federal income tax return. At trial, they readily admit that they understated their income by $ 4,555 with no explanation whatsoever. Petitioners' explanation of the remainder of the understated income and the claimed deduction for salary expenses is circular and completely unbelievable. Their character references do not establish that they were not negligent. *335 Respondent is sustained on this issue. To reflect concessions, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 7,545.↩
1. Respondent concedes that petitioners are entitled to deduct expenses for the purchase of merchandise of $ 14,618, and other business expenses in the total amount of $ 3,780. Respondent also concedes that they are entitled to deduct employee business expenses of $ 3,023, and that petitioners are not liable for the addition to tax under section 6661. Finally, petitioners concede that the mortgage interest deduction reported on Schedule A attached to their Federal income tax return should be reduced by $ 873 because it is allowed as a home office expense on Schedule C.↩
2. In rounded numbers.↩
3. See also Furmanski v. Commissioner, T.C. Memo. 1974-47↩.