James S. **ABRAMS** and Marguerite Abrams, Plaintiff-Appellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 45, Docket 71–1259.

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1971.

Decided Oct. 12, 1971.

James J. Doyle, New York City (William T. Griffin, Peter D. Griffin, New York City, on the brief), for plaintiff-appellants.

Michael I. Saltzman, Asst. U. S. Atty., Whitney North Seymour, Jr., U. S. Atty., New York City, for defendant-appellee.

Before FRIENDLY, Chief Judge, and MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

The appellants, James S. and Marguerite Abrams, filed a joint income tax return for 1960 fully reporting and deducting a racing stable loss of $10,211.-00 and a farm loss of $28,021.00. The Internal Revenue Service audited the

return and disallowed both items and also discovered a negligent failure to report other income totalling $11,333.01. An additional tax of $33,568.99 was assessed upon the disallowed losses and a tax of $5,748.39 on the unreported income. A five percent penalty was further assessed in the sum of $1,965.87; allocating $287.42 on the tax due for negligently unreported income and $1,678.45 on the tax due for the disallowed racing stable and farm losses. The tax was paid and the Abrams brought suit in the District Court for the Southern District of New York to recover the tax paid on the disallowed losses as well as the five percent penalty which had been assessed on these losses; taxpayers did not contest the five percent penalty assessed on the negligently unreported income. After a trial before District Court Judge Croake, the jury returned a verdict against the taxpayers specially finding that James Abrams had no intention to operate the cattle farm or the racing stable as a trade, business or activity conducted for profit. The judge in a memorandum opinion held as a matter of law that the five percent penalty should be assessed against the entire tax deficiency and not just against that portion attributable to the negligent omission.

■ On appeal it is urged that the trial court committed reversible error in admitting into evidence, over objection, an exhibit which established that the taxpayer's losses on his racing stable continued from 1961 through 1965 and on his farm from 1961 through 1963. Appellant argues that on the issue of his intent in 1960, his subsequent continuing losses are irrelevant. We believe that the evidence was relevant and properly admitted. The only cases in point submitted by either the government or the taxpayer both permitted evidence of so called "hobby" losses in years subsequent to the year in suit. Bessenyey v. Commissioner of Internal Revenue, 379 F.2d 252 (2d Cir.), cert. denied, 389 U.S. 931, 88 S.Ct. 293, 19 L.Ed.2d 283 (1967) and Schley v. Commissioner of Internal Revenue, 375 F. 2d 747 (2d Cir. 1967). Appellant argues that in *Bessenyey* it was the taxpayer who introduced the evidence of continuing losses. We do not place any legal significance upon this distinction. The jury, in determining the taxpayer's profit-making intent in the operation of a racing stable or a farm, should have the benefit of the taxpayer's actual experience in periods extending for a reasonable time before and after the tax year in question. One can hardly doubt that if the taxpayer had made a profit on these ventures between 1961 and 1965, he would properly look askance on government efforts to exclude such evidence. The judge's charge to the jury made it very clear that the evidence relating to these other tax years was presented "only to help you better judge the plaintiff's intent during the year 1960." We find the evidence properly admissible.

■ We also find no error in the trial court's determination of law that the five percent penalty be assessed against the entire underpayment for 1960 and not simply on that part attributed to the negligently omitted income. This result is mandated by the relevant statute.

The Internal Revenue Code (26 U.S.C. § 6653(a)) provides: "If any part of any underpayment (as defined in subsection (c) (1)) of any tax * * * is due to negligence * * * there shall be added to the tax an amount equal to 5. percent of the underpayment."
* * *

'(c) for the purposes of this section, the term 'underpayment' means—

"(1) * * * In the case of a tax to which Section 6211 (relating to income * * *) is applicable, a deficiency as defined in that section * * *"

26 U.S.C. § 6211 defines a deficiency as "the amount by which the tax imposed * * * exceeds * * *

"(1) The amount shown as the tax by the taxpayer upon his return * * *"

The plain meaning of the Code is that the five percent penalty must be assessed against the 1960 tax deficiency of $39,317.38 and not just against that part of it ($5,748.39) due to negligently unreported income. The statute provides (26 U.S.C. § 6653(a)) if *"any part"* of an underpayment is due to negligence, the five percent penalty is to be added to the underpayment. It is evident that it was intended that the five percent was to be assessed not just against that segment of the deficiency due to negligence but against the entire amount. The language is clear and leads to no other interpretation. The comparable section of the 1939 Code (Int.Rev.Code of 1939, § 293(a)) had been so construed in Robinson's Dairy, Inc., 35 T.C. 601, 609 (1961), aff'd., 302 F.2d 42 (10th Cir. 1962); see Herbert Eck, 16 T.C. 511 (1951), aff'd per curiam, ·202 F.2d 750 (2d Cir.), cert. denied, 346 U.S. 822, 74 S.Ct. 39, 98 L.Ed. 348 (1953). See also 10 J. Mertens, Law of Federal Income Taxation §§ 55.-13, 55.25. The applicable Treasury Regulation (Treas.Reg. 301.6653(c) (1) (i)) defines a section 6653 underpayment as "the total amount of all deficiencies." Appellants rely on Marcello v. Commissioner of Internal Revenue, 380 F.2d 509 (5th Cir. 1967) for the proposition that the five percent penalty is only to be levied against that part of the underpayment due to negligence. There is no discussion of this point at all in the Court of Appeals opinion. To the contrary, the Tax Court opinion in a related case (Joseph Marcello, Jr., 43 T.C. 168, 182, aff'd in part and remanded in part on other grounds, 380 F.2d 499 (5th Cir. 1967), cert. denied, 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968)) indicates that the penalty would be assessed as we have held.

The five percent penalty for negligence and the fifty percent penalty for fraud are in fact *penalties* and their imposition on the entire tax deficiency for the year is not only clearly provided for in the statute but serves to act as a deterrent. The imposition of the fraud penalty against the entire deficiency (based on almost identical language (26 U.S.C. § 6653(b)) is supported by authority. Biggs v. Commissioner of Internal Revenue, 440 F.2d 1, 6 (6th Cir. 1971); Webb v. Commissioner of Internal Revenue, 394 F.2d 366, 378 (5th Cir. 1968). This was also the rule under the 1939 Code (§ 293(b)). O'Connor v. Commissioner of Internal Revenue, 412 F.2d 304, 310 (2d Cir. 1969), cert. denied, 397 U.S. 921, 90 S.Ct. 908, 25 L. Ed.2d 102 (1970).

Appellants argue that a literal application of the statute could lead to absurd results where a comparatively insignificant item of income is negligently omitted. That case is not before us on this appeal and we therefore express no opinion whatever as to its proper disposition if it should ever arise.

Affirmed.