RICHARD LaVERNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
La Verne v. Commissioner
Docket No. 31453-81.
United States Tax Court
T.C. Memo 1985-331; 1985 Tax Ct. Memo LEXIS 299; 50 T.C.M. (CCH) 343; T.C.M. (RIA) 85331; July 8, 1985. *299 Held, P is liable for the addition to tax for fraud under sec. 6653(b), I.R.C. 1954, for each of the years 1976 through 1979. Richard LaVerne, pro se. John S. Repsis, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Addition to Tax
Sec. 6653(b)
Year
Deficiency
I.R.C. 1954 [1]
1976
$1,208.70
$604.35
1977
1,303.50
651.75
1978
1,433.70
716.85
1979
1,390.55
695.27
The sole issue for decision is whether the petitioner is liable for the addition to tax for fraud under section 6653(b) insofar as such addition is attributable to his failure to pay self-employment taxes for each of the years 1976 through 1979. *300 FINDINGS OF FACT None of the facts have been stipulated. The petitioner, Richard LaVerne, was a resident of Texas at the time he filed his petition in this case. He did not file a Federal income tax return for any of the years 1976 through 1979. The petitioner attended college for approximately 2 years. During the years 1976 through 1979, he was a partner in a beauty shop called Galleria Coiffures located in Dallas, Tex. During such years, he derived sufficient income from the partnership to require that he file a tax return for each year, and he derived sufficient self-employment income such that he was required to pay self-employment tax for each year. The petitioner filed Federal income tax returns for each of the years 1970 through 1975, and he filed for an extension of time in which to file his 1976 return. Although he was aware of his obligation to file income tax returns, the petitioner did not file returns for the years 1976 through 1979 because he was angry with the Federal government which had failed to pay social security benefits to his mother after his father's death, because he was having financial difficulties, and because he had become aware of tax protestor *301 arguments against the Federal income tax and the social security system. The petitioner executed a Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment) for the years 1976 through 1979 in which he agreed with the Commissioner's determination of his income tax liability and his liability for the addition to tax for fraud, except that he did not agree that he was liable for self-employment taxes for 1976 through 1979 or the addition to tax for fraud for such years insofar as such additions were attributable to his failure to pay self-employment taxes. In his notice of deficiency, the Commissioner determined that the petitioner was liable for self-employment taxes for each of the years 1976 through 1979, and he determined that the petitioner was liable for the addition to tax for fraud for such years to the extent that such additions were attributable to the petitioner's failure to pay his self-employment taxes. Before the trial, the Commissioner made a motion for a partial summary judgment that the petitioner was liable for self-employment taxes for such years, and the Court granted such motion. OPINION The sole *302 issue for decision is whether the petitioner is liable for the addition to tax for fraud under section 6653(b) insofar as such addition is attributable to his failure to pay self-employment taxes for each of the years 1976 through 1979. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum *303 Option of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment *304 results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the petitioner has conceded that he is liable for the addition to tax for fraud under section 6653(b) for each of the years 1976 through 1979, except insofar as such additions were attributable to his failure to pay self-employment taxes. The statute clearly requires only a showing that "any part" of an underpayment resulted from fraud. Otsuki v. Commissioner,supra;Shaw v. Commissioner,27 T.C. 561, 570-571 (1956), affd. 252 F.2d 861 (6th Cir. 1958).Thus, since the petitioner has conceded that a part of the underpayment of tax was due to fraud, the entire underpayment, including the portion attributable to the self-employment tax, is subject to the addition to tax for fraud. Abrams v. United States,449 F.2d 662, 663-664 (2d Cir. 1971); Zarnow v. Commissioner,48 T.C. 213, 218 (1967). Moreover, based on the record in this case, it is abundantly clear that the part of *305 the underpayment resulting from the petitioner's failure to pay self-employment taxes was also due to fraud. The petitioner was aware of his obligation to file income tax returns and his obligation to pay self-employment taxes. He, nevertheless, knowingly failed to comply with those obligations, and he thereby fraudulently intended to underpay his income taxes during each of the years 1976 through 1979. See Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982); Grosshandler v. Commissioner,75 T.C. 1, 19-20 (1980). For the foregoing reasons, we hold that the petitioner is liable for the addition to tax for fraud for each of the years 1976 through 1979. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years at issue.↩