GERTRUDE GOROD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gorod v. Commissioner
Docket No. 26168-85.
United States Tax Court
T.C. Memo 1987-73; 1987 Tax Ct. Memo LEXIS 69; 53 T.C.M. (CCH) 77; T.C.M. (RIA) 87073; February 9, 1987. Gertrude Gorod, pro se. Anthony Falzone, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) *71 (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1983 Federal income tax in the amount of $4,062. Respondent also determined that petitioner was liable for additions to tax in the amount of $203.10 under section 6653(a)(1) and for 50 percent of the interest due on an underpayment of $4,062 under section 6653(a)(2). The issues for decision are: (1) whether petitioner is entitled to a deduction for claimed rental expenses and for depreciation of rental property; (2) whether petitioner is entitled to a deduction for alleged automobile expenses; (3) whether petitioner has unreported income of $2,454.80; (4) whether petitioner is entitled to a deduction for meals and lodging while away from home; (5) whether petitioner is entitled to a casualty loss deduction; and (6) whether petitioner is liable for *72 additions to tax under section 6653(a)(1) and (2). For convenience, we have combined our findings of fact and opinion by issues. Petitioner resided in Malden, Massachusetts when she filed her petition in this case. Rental Expense and Depreciation
During the 1960's, petitioner purchased property in Malden, Massachusetts. Construction of a two-story residential building on the property was completed in 1968. Petitioner then moved into the second floor apartment. The lower floor apartment remained unrented from 1968 through 1983. As a result, petitioner had no rental income in 1983 but deducted the following rental expenses on Schedule E of her 1983 return: Cleaning and Maintenance
$ 239.95
Insurance
341.00
Repairs
4,137.37
Supplies
119.22
Taxes
923.40
Utilities
1,975.07
Water
229.81
Landscaping
44.83
Depreciation
1,500.00
Total
$9,510.65
In his notice of deficiency respondent disallowed these claimed expenses in full. Respondent concedes that petitioner is entitled to an itemized deduction of $697.30 on Schedule A for real estate tax expenses which she had failed to claim on that schedule. To substantiate the claimed expenses on *73 her first floor apartment, petitioner introduced into evidence copies of various receipts. Many of these receipts show petitioner's address as 369-371 Bryant St. [2] Petitioner testified that the address of her apartment was 371 Bryant St., Suite 2, and the address of the vacant apartment in her building was 371 Bryant St., Suite 1. Petitioner paid bills for electricity for 371 Bryant St., Suite 1, in the amount of $1,292.24 for 1983. Petitioner explained that she maintained the heat in the vacant apartment at 70 degrees during the winter and kept her own apartment at between 55 and 60 degrees. After consideration of petitioner's testimony as a whole and after careful observation of her demeanor during her testimony, and because of the inherent improbability of her claim, we have concluded that petitioner's testimony is not credible. We believe that petitioner lived at 371 Bryant St. (the heated apartment), and that the vacant apartment was 369 Bryant St. (the apartment which petitioner maintained at 55 to 60 degrees). The expenses from 371 Bryant St. are petitioner's personal expenses. We need not consider the amount of petitioner's expenditures for the vacant apartment because *74 we find that petitioner did not engage in rental activities for profit during 1983 for purposes of section 183. Section 183(a) limits the amount a taxpayer may deduct for activities not engaged in for profit.Section 183(c) provides that an activity not engaged in for profit is "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 [trade or business expense] or under paragraph (1) or (2) of section 212 [transactions entered into for profit]." Whether the operating expenses and depreciation from petitioner's property are deductible depends on whether she engaged in rental activity with the *75 objective of making a profit. Jasionowski v. Commissioner,66 T.C. 312, 319 (1976).Although petitioner must have an actual and honest expectation of profit, this expectation need not be reasonable. Dreicer v. Commissioner,78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The existence of a profit objective is to be determined by examining all the facts and circumstances, giving greater weight to objective facts than petitioner's statement of intent. Sec. 1.183-2(a) and (b), Income Tax Regs.; Engdahl v. Commissioner,72 T.C. 659, 666 (1979). Petitioner testified that she never advertised her rental apartment in local or regional newspapers. Instead, she claims to have put up cards in the market and at her place of work. Petitioner did not present any evidence to substantiate this claim. Petitioner acknowledged that she never had an offer to rent the apartment between 1968 and 1984 though she claims the vacant apartment was beautiful, had parking and was located at a bus stop. She attributed her failure to rent to the high crime rate in the area. Yet petitioner testified that *76 in 1984 after she had put down new carpeting several people were interested in the apartment. Petitioner's testimony is inconsistent [3] and unconvincing. We are not persuaded by petitioner's testimony that in 1984 her elderly sister who lived on social security and a pension rented the apartment for a fair rental value. Petitioner introduced no cancelled rent checks or other evidence to substantiate her testimony. More importantly, petitioner's activities in 1984 are not conclusive as to the year at issue, 1983. Although this Court found that *77 in 1976 and 1978 petitioner held her apartment for the production of income, [4] more recently this Court found that in 1980 and 1981 petitioner did not conduct her rental activities for profit. Gorod v. Commissioner,T.C. Memo. 1985-23, affd. by unpublished order (1st Cir. 1986). In this later decision this Court supported its finding by noting that petitioner had received no rental income for 13 years. Gorod v. Commissioner,T.C. Memo. 1985-23. Through the end of 1983, the year at issue, petitioner had not received rental income for 15 years. We conclude that in 1983 petitioner did not engage in activities for the rental of her vacant apartment for profit. In this circumstance petitioner may deduct only the expenses to which she would be entitled in the absence of any business or income production aspect of her real estate ownership. Sec. 183(b)(1). Petitioner's real estate tax expense is the only otherwise deductible expense with respect to her vacant apartment. On her 1983 return petitioner deducted real estate *78 taxes in the amount of $923.40 on Schedule A and $923.40 on Schedule E. Petitioner's tax receipts show that she paid a total of $1,620.70 in real estate taxes in 1983. The entire amount of real estate taxes paid in 1983 ($1,620.70) is deductible under section 164. Petitioner may deduct no other expenses with respect to real estate rentals because she was not engaged in real estate activities for profit during 1983 and derived no gross income therefrom. Sec. 183(b)(2). Employee Business Expenses and Unreported Income
During 1983 petitioner worked as a disputed claims adjuster for the Massachusetts Division of Employment Security (DES). Her job required her to drive to local DES offices throughout Massachusetts. In January and February of 1983 petitioner drove a 1980 Oldsmobile. During the remaining part of the year she drove a new 1983 Oldsmobile. The main office of DES was in Boston. Petitioner and other claims adjusters shared a desk in the Boston office. Petitioner traveled to the local DES offices either from her Boston office or from her home in Malden. On occasion petitioner also traveled directly from one local office to another within the same day. After *79 these trips petitioner submitted travel vouchers to DES and her employer reimbursed her at a rate of 20 cents per mile for the lesser of: (1) the distance between Boston and the local office or (2) the distance actually traveled. Petitioner was reimbursed for 12,259 miles in 1983. She received total travel reimbursements (for both mileage and fares) of $2,454.80 from DES. On her 1983 return, petitioner claimed total automobile expenses of $12,024.02. She reduced this amount by her DES reimbursements of $2,454.80 and deducted the net amount. In the notice of deficiency respondent disallowed all of petitioner's claimed car expenses and increased petitioner's income by the amount of the DES reimbursements. On brief, respondent's position was that petitioner substantiated a non-commuting automobile expense of $818.76, representing costs of traveling among offices of DES. Respondent maintained that the amount of reimbursement in excess of $818.76 was taxable income and that all the rest of petitioner's car expenses were non-deductible as personal or commuting expenses. The cost of commuting *80 between home and a place of employment is a personal expense and is not deductible. McCabe v. Commissioner,76 T.C. 876, 879 (1981), affd. 688 F.2d 102 (2d Cir. 1982), cert. denied 459 U.S. 906 (1982). The distance which petitioner traveled in excess of the distance from Boston to the local office was the commuting portion of petitioner's trip. Petitioner incurred this extra automobile expense not for employment related reasons but solely because of her personal decision to live outside of Boston. See McCabe v. Commissioner, supra at 881-882, Bunevith v. Commissioner,52 T.C. 837, 841-842 (1969), affd. in an unreported memorandum and order (1st Cir. 1970). We do not agree with respondent that DES reimbursed petitioner for her commuting expenses. The DES reimbursement formula (based on a multiple of the lesser of actual mileage or the mileage from Boston to the local office) was an efficient mechanism for excluding the commuting portion of petitioner's travel and reimbursing petitioner only for costs of travel from her office in Boston to the place she was assigned to work on a temporary basis. *81 After examining the record we find that the automobile expenses for which DES reimbursed petitioner accurately approximated her business automobile expenses. Petitioner need not include the reimbursement in gross income. Sec. 1.162-17, Income Tax Regs. Petitioner has failed to substantiate business automobile expenses in excess of this amount. [5] Petitioner's deductions for automobile expenditures are disallowed except to the extent of the expenditures reimbursed by her employer. Meals and Lodging Away From Home
On Form 2106, petitioner deducted $983.25 for meals and lodging while away from home. Respondent disallowed this deduction *82 in full.Petitioner bears the burden of proving the deductibility of claimed expenses. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner has offered no evidence to substantiate the claimed expenses. Respondent's determination is sustained. Casualty Loss
On Schedule A petitioner deducted $561.08 as a casualty or theft loss. Respondent disallowed this deduction. At trial petitioner vaguely referred to damage in her apartment but did not provide any specific information or evidence about the loss. Petitioner has failed to sustain her burden of proof and the loss is disallowed. Rule 142(a). Additions to Tax Under Section 6653(a)(1) and (2)
Respondent determined that petitioner was liable for additions to tax under section 6653(a)(1) and (2). Additions are appropriate under this section when any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Petitioner bears the burden of showing that respondent's determinations are incorrect. Rule 142(a). Petitioner failed to present any evidence supporting *83 her claimed casualty loss deduction and her deduction for meals and lodging while away from home. Petitioner attempted to deduct expenses from her personal residence as rental expenses. From these facts we conclude that a portion of the underpayment was due to negligence or intentional disregard of rules or regulations. Accordingly, section 6653(a)(1) provides for the imposition of an addition to tax upon the entire underpayment. Abrams v. United States,449 F.2d 662, 663-664 (2d Cir. 1971); Bianchi v. Commissioner,66 T.C. 324, 335 (1976), affd. without published opinion 553 F.2d 93 (2d Cir. 1977). Under section 6653(a)(2) petitioner also will be liable for an addition to tax on that portion of the underpayment due to negligence. Because of our partial finding for petitioner on the issue of automobile expenses, we are unwilling to conclude that the part of the deficiency resulting from her claimed deduction for automobile expenses was due to negligence. We find that only that part of the underpayment resulting from petitioner's claimed deductions for rental expenses, meals and lodging, and a casualty loss was due to negligence, *84 and additions to tax under section 6653(a)(2) will be imposed with respect to this amount. [6]
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the tax year in question, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent also introduced into evidence copies of receipts from the local electric utility company showing the address of petitioner's two apartments as 369 Bryant St., Suite 2 and 371 Bryant St., Suite 1.The receipts showed that petitioner paid a total of $44.21 for 369 Bryant St., Suite 2 and $1,292.24 for 371 Bryant St., Suite 1 in 1983.↩
3. In an earlier proceeding before this Court concerning the same issue with regard to petitioner's 1980 and 1981 tax year, this Court found that petitioner's first floor apartment had been boarded up. Gorod v. Commissioner,T.C. Memo. 1985-23↩, affd. by unpublished order (1st Cir. 1986). The Court reached this conclusion after examining photographs which petitioner had introduced to show why she was unsuccessful in renting. At trial in the present proceeding petitioner testified that her apartment windows had never been boarded up but merely had been covered with Lexan (a clear plastic material) for protection.
4. Gorod v. Commissioner,T.C. Memo. 1981-632↩, affd. on this issue by unpublished order (1st Cir. 1982).
5. Petitioner claimed that she drove her 1983 Oldsmobile exclusively for business purposes and that for all personal trips she drove a 1961 automobile. We are not persuaded by this assertion. Petitioner presented no evidence to substantiate it, except for her own self-interested testimony, which we consider unreliable and unpersuasive. Petitioner has failed to show that the various receipts she presented to support her claim to deductions for automobile expenses relate to the business use of an automobile.↩
6. We note that petitioner has made unsubstantiated assertions that respondent and his employees have discriminated against her. We are aware of no basis in fact for these allegations.↩