**In re SCHULTZ BROADWAY INN, LTD., Debtor.**

**Bankruptcy No. 87–03347–C–11.**

United States Bankruptcy Court, W.D. Missouri.

Aug. 8, 1988.

44

Virginia J. Cronan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Jerry W. Venters, Jefferson City, Mo., for debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The only issue unresolved by the parties to these very complex issues of personal holding company taxes, deficiency dividends, negligence penalties, and the priority or standing thereof, is whether the 5% "negligence penalty" assessed by the Internal Revenue Service under 26 U.S.C. § 6653 should be paid pro rata along with other general unsecured claims or whether it should be subordinated as to said claims for payment. Debtor's plan is for a liquidating Chapter 11 after sale of debtor's motel. All of the claims for taxes, interest and penalties other than the above denominated penalty are provided for and will be paid in full upon confirmation of the plan. The disputed amount is $60,848.57 of which $58,318.80 is asserted in this corporate case and the balance in the principal's case.

Just as every student of Latin knows that: "all Gaul is divided into three parts," students of bankruptcy law know that all penalties are divided into two categories, i.e., "pecuniary loss penalties" and "non pecuniary loss penalties." Penalties assessed under § 6653 have been generally denominated as "non pecuniary loss penalties." E.G., see *Abrams v. United States*, 449 F.2d 662 (2nd Cir.1971). The Internal Revenue Service has not raised the issue and appears to concede this point. Were this case then under either the old Bankruptcy Act or were it a Chapter 7 case, the matter could be easily resolved. Under the Bankruptcy Act of 1898, 11 U.S.C. § 93(g) provided inter alia that debts owing to the United States (taxes) should only be allowed in the amount of the pecuniary loss sustained and a claim for a non pecuniary penalty could not be allowed. *Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962). That particular provision was not reenacted in the Bankruptcy Reform Act of 1978.

Under the Act, 11 U.S.C. § 507(a)(7) grants a seventh priority to the allowed unsecured claims of governmental units, but "only to the extent that such claims are for taxes." 11 U.S.C. § 507(a)(7)(G) specifically includes penalties which are "in compensation for actual pecuniary loss." Clearly since the instant penalty is not "in compensation for actual pecuniary loss", it has no priority and is not governed by § 507. Collier on Bankruptcy has an interesting, although not self contained, (and with only one case citation) observation under its discussion of this section. That observation is as follows:

> Certain tax liabilities may, under otherwise applicable tax law, be collectible in the form of a penalty. The Code thus provides that such "penalties" are to be treated in the same manner as a tax liability. In bankruptcy terminology, such tax liabilities are to be referred to as pecuniary loss penalties. However, if such fines or penalties are punitive in nature and not for actual pecuniary loss, they are not given priority but rather are subordinated in order of payment under section 726(a)(4).

Unfortunately, the observation seems overly broad since informed practitioners of our gentle art will recall that 11 U.S.C. § 726 applies only to Chapter 7 cases and not to Chapter 11 reorganizations as set out in 11 U.S.C. § 103(b).

Neither counsel (at least in their memoranda) nor this Court in its limited research has been able to locate any specific reference in the Bankruptcy Reform Act of 1978 that provides a clear answer to what treatment should be afforded. Thus the Court must engage in the interesting but dangerous practice of reasoning and analogizing to reach its result in this case. 11 U.S.C. § 1129(a)(9) requires that a debtor's plan of reorganization provide for payment of all § 507 claims, and particularly § 507(a)(7) tax claims which must be paid within six years. Since § 507(a)(7)(G) excludes such penalties and § 726 is expressly inapplicable the Court should look to see what the

policy and intent of the law is by considering the past, and legislative history and any other helpful guideposts that might outline the otherwise unblazed trail through such legal thickets. For example, the Ninth Circuit Court of Appeals has expressed it quite nicely:

> "There are two circumstances in which this Court may look beyond the express language of a statute in order to give force to Congressional intent: where the statutory language is ambiguous; and where a literal interpretation would thwart the purpose of the over-all statutory scheme or lead to an absurd result."

*International Telephone and Telegraph Corporation v. General Telephone & Electronics Corporation,* 518 F.2d 913 (9th Cir. 1975). What then is the legislative history and thereafter what was the Congressional intent?

As to the first, the most illuminating comment is found in House Report No. 95–595, 95th Congress, 1st Session (1977) 382, U.S.Code Cong. & Admin.News 1978, pg. 6338.

> "The subsection follows the policy found in section 57j of the Bankruptcy Act of protecting unsecured creditors from the debtor's wrongdoing, but expands the protection afforded. The lien is made voidable rather than void in Chapter 7, in order to permit the lien to be revived if the case is converted to Chapter 11, under which penalty liens are not voidable."

It seems to this Court that Congress intended to protect unsecured creditors from the wrongdoing of a liquidating debtor, but likewise intended to make the reorganizing debtor pay the full and complete price of his transgressions. In other words, if the non pecuniary penalty became the sole burden of creditors, it should be forgiven or at least subordinated, but if the debtor was going to reap any benefit from the process, he had to pay for his sins on the same basis as his trade goods.

In this case, we have a liquidating Chapter 11. The debtor's assets have been sold, and all unsecured creditors appear to be in that unusual but enviable position of receiving most, if not all, of their money back. However, it also appears that with the imposition of the $58,318.50 negligence penalty, there will not be sufficient assets to pay in full unless that portion of the I.R.S. claim is subordinated, and in any event, the debtor and its principals will receive nothing from the estate, will retain no property, and will in every aspect resemble a Chapter 7 debtor at the conclusion of the case. In other words, the burden of the non pecuniary loss penalty will fall squarely and solely on the unsecured creditors. It matters not to the debtor or its principals whether the penalty is subordinated or not—either way it and they will receive nothing. It is, therefore, the conclusion of this Court that at least in a liquidating Chapter 11, the same standards should be followed as if the case were a Chapter 7 and the negligence penalty should be subordinated under § 510(c).

Nor does this result seem to be indicated solely by the perceived Congressional intent not to visit the sins of the debtor upon the unsecured creditors. Section 1129 of the Code requires that creditors receive at least as much under the reorganization plan as they would under Chapter 7 liquidation. As shown above, under § 726, this non pecuniary loss penalty would be subordinated and the unsecured creditors would receive their dividends without sharing with the I.R.S. Obviously, the Court could refuse confirmation, convert the case to a Chapter 7, and appoint a Trustee who could subordinate the non pecuniary loss penalty under § 726. However, the result of such action would be to burden the unsecured creditors with the Trustee's fees, additional attorney fees and court costs—all to reach the same end point.

The Court declines to travel that circuitous route when there exists a shorter, less expensive and equally (in the Court's mind) effective way of achieving the same result. Nor is this Court totally alone in reaching such a conclusion. While the cases are scarce, several other courts have reached the same result based upon one or the other of the two mentioned bases. See *In re Erlin Manor Nursing Home, Inc.,* 36 B.R. 672 (Bkrtcy.Mass.1984), *In re*

**46**

*Compton Corporation,* 40 B.R. 875 (Bkrtcy.N.D.Tex.1984), *Matter of Mansfield Tire & Rubber Company,* 80 B.R. 395 (Bkrtcy.N.D.Ohio 1987), or *In re Colin,* 44 B.R. 806 (Bkrtcy.S.D.N.Y.1984) as examples.

The Court, therefore, ORDERS that the $58,318.80 negligence penalty assessed by the Internal Revenue Service be subordinated to the claims of the unsecured creditors.

This Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.