RICHARD STECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steck v. Commissioner
Docket No. 5041-91
United States Tax Court
T.C. Memo 1993-553; 1993 Tax Ct. Memo LEXIS 552; 66 T.C.M. (CCH) 1416; November 23, 1993, Filed *552 Decision will be entered for respondent. For petitioner: Peter R. Newman. For respondent: Nicholas G. Kokis. BEGHE
BEGHE
MEMORANDUM OPINION BEGHE, Judge: This case is before us on respondent's motion for summary judgment under Rule 121. [1] On January 3, 1991, respondent determined the following deficiency in and additions to petitioner's 1973 Federal income tax: Additions to Tax Sec. Sec.
Sec.
Deficiency
6651 6653(a)
6654(a)
$ 16,539
$ 4,135
$ 846
$ 540
On March 18, 1991, petitioner filed a petition for redetermination. When the petition was filed, petitioner resided in Old Westbury, New York. Respondent, on May 22, 1991, filed an answer and, on July 25, 1991, filed a motion for entry of an order that any undenied allegations in respondent's answer be deemed admitted. On July 26, 1991, the Court notified petitioner *553 that, if he filed a reply on or before August 15, 1991, it would deny respondent's motion. Petitioner filed a timely reply, and the Court denied respondent's motion. On September 23, 1992, respondent filed with this Court and served upon petitioner's counsel a request for admissions pursuant to Rule 90. The requested admissions were as follows: 1. Richard Steck (hereinafter referred to as "the petitioner") did not file a joint or individual federal income tax return for the taxable year ending December 31, 1973. 2. The petitioner was a shareholder in Tintle & Steck Properties, Inc. (hereinafter "T & S") during the 1973 taxable year. 3. The petitioner owned at least 25% of the outstanding shares of stock in T & S at the beginning of the 1973 taxable year. 4. On August 9, 1973, the petitioner sold his 25% interest in T & S during the 1973 taxable year for $ 102,643. 5. The petitioner's basis in his 25% interest in T & S which he sold during the 1973 taxable year was $ 68,693. 6. The petitioner recognized a long-term capital gain on the sale of his 25% ownership interest in T & S in the amount of $ 33,950. 7. The petitioner was a shareholder in Wayne Paul Leasing Corp. *554 (hereinafter "Wayne Paul") during the 1973 taxable year. 8. Wayne Paul ceased operations and liquidated during the 1973 taxable year. 9. At the time of liquidation, Wayne Paul had a "loans to shareholders" account in the name of the petitioner. At the time of liquidation, the balance in the petitioner's account was $ 35,004. 10. The balance in the "loans to shareholders" account represented loans made by Wayne Paul to the petitioner during the period for which the petitioner was a shareholder of Wayne Paul. 11. These loans were forgiven by Wayne Paul on the date of the corporation's liquidation. 12. The petitioner recognized gross income on the cancellation of his indebtedness to Wayne Paul during the 1973 taxable year in the amount of $ 35,004. 13. A payloader was transferred from Wayne Paul to East Coast Mines, Corp. ("E.C.M.") during the 1973 taxable year. 14. The fair market value of the payloader transferred from Wayne Paul to E.C.M. on the date of transfer was $ 24,886. 15. As a result of this transfer, the petitioner recognized a capital gain in the amount of $ 24,886. 16. The petitioner was also a shareholder in E.C.M. during the course of the 1973 taxable *555 year. 17. The petitioner sold his entire interest in E.C.M. during the course of the 1973 taxable year. 18. As a result of this sale, the petitioner recognized a capital loss in the amount of $ 4,886. 19. The petitioner concedes that he is liable for the deficiency stated in the statutory notice issued for the 1973 taxable year in the amount of $ 16,539. 20. The petitioner concedes that he is liable for the negligence penalty, imposed pursuant to I.R.C. § 6653(a), in the amount of $ 846. 21. The petitioner concedes that he is liable for the delinquency penalty, imposed pursuant to I.R.C. § 6651, in the amount of $ 4,135. 22. The petitioner concedes that he is liable for the failure to pay estimated tax penalty, imposed pursuant to I.R.C. § 6654(a), in the amount of $ 540. 23. The petitioner concedes that he is liable for all interest accrued and payable pursuant to I.R.C. § 6601.
Petitioner has never served on respondent nor filed with this Court a written response or objection to respondent's request for admissions. Because petitioner failed to respond within 30 days, each allegation of fact is deemed admitted. Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985). *556 Any facts admitted are conclusively established, Rule 90(f), and cannot be impeached, Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). After the running of the 30-day period, petitioner could have filed a motion under Rule 90(f) for withdrawal or modification of his deemed admissions, but he has not done so, and we do not address the circumstances in which such a motion might have been granted. See Freedson v. Commissioner, 65 T.C. 333, 336 n.1 (1975), affd. 565 F.2d 954 (5th Cir. 1978). On December 7, 1992, respondent filed a motion for summary judgment. In support of that motion, respondent offered the 23 deemed admissions, the pleadings, and respondent's uncontested affidavits. Petitioner has not filed any response to respondent's motion for summary judgment. For the reasons set forth below, we will grant respondent's motion. Petitioner's contention that the assessment and collection of tax is barred by the statute of limitations is without merit. Generally, the period of limitations for assessment of income taxes expires 3 years after a taxpayer files a tax return. Sec. 6501(a). *557 However, if no return has been filed, the tax may be assessed at any time. Sec. 6501(c)(3). Petitioner is deemed to have admitted that he did not file a Federal income tax return for 1973. While petitioner is permitted to explain the circumstances causing his failure to file, he is prohibited from denying his failure to file. Dahlstrom v. Commissioner, supra at 821. Therefore, respondent may assess a deficiency for 1973. See Respondent's Request for Admissions, par. 1, supra p. 2. Rule 121(b) provides that summary judgment shall be rendered if the pleadings, admissions, and affidavits "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The moving party must show that there is no issue of material fact. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Therefore, the nonmoving party is afforded the benefit of all reasonable doubt, and all factual allegations and inferences must be viewed in the light most favorable to the nonmoving party. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). However, *558 the nonmoving party "may not rest upon the mere allegations or denials of such party's pleading, but * * * must set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Marshall v. Commissioner, supra at 271. When the nonmoving party fails to set forth specific facts, a decision may be entered in favor of the moving party. Rule 121(d). Respondent's determination of petitioner's deficiency is presumed to be correct, and petitioner has the burden of proving that it is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The deemed admissions establish that petitioner recognized capital gains on the sale of T & S stock and on the transfer of the payloader. See Respondent's Request for Admissions, pars. 2-6, 13-15, supra pp. 2-3. They also establish that petitioner recognized gross income on the cancellation of indebtedness to Wayne Paul and recognized a capital loss on the sale of E.C.M. See Respondent's Request for Admissions, pars. 7-12, 16-18, supra p. 3. Matters deemed admitted under Rule 90 are conclusively established and are sufficient to support our *559 grant of a motion for summary judgment. Morrison v. Commissioner, 81 T.C. 644, 651 (1983). Petitioner has rested entirely on his petition and his Reply to Affirmative Allegations. He has not set forth any facts showing that there is a genuine issue for trial. Therefore, we find that petitioner had unreported income from the above sources and that respondent's determination of tax is correct. When a taxpayer fails to file a Federal income tax return and cannot show reasonable cause for such failure, the taxpayer is liable for an addition to tax of 5 percent of the tax for each month the tax return is late, not exceeding 25 percent in total. Sec. 6651(a). Petitioner is deemed to have admitted that he did not file a Federal income tax return for 1973, Respondent's Request for Admissions, par. 1, supra p. 2, and he has not introduced any evidence that his failure was due to reasonable cause. Because the tax return is more than 5 months late, petitioner is liable for the maximum addition to tax of 25 percent. If any portion of an underpayment is due to negligence, the Commissioner shall add to the tax an amount equal to 5 percent of the underpayment. *560 Sec. 6653(a); Abrams v. United States, 449 F.2d 662, 663-664 (2d Cir. 1971) (5 percent addition assessed against the entire deficiency and not just against the portion due to negligence). Negligence is the failure to exercise due care and the failure to act as a reasonable and prudent person. Neely v. Commissioner, 85 T.C. 934, 947 (1985). It is reasonable and prudent for a person to file income tax returns, and the failure to do so is a prima facie case for negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990). For the purposes of section 6653, "underpayment" generally means a deficiency as defined by section 6211. Sec. 6653(c). Section 6211(a) defines "deficiency" as "the amount by which the tax imposed by subtitle A * * * exceeds * * * the amount shown as the tax by the taxpayer upon his return." However, if a return is filed late, the tax shown on the late return is not taken into account in determining the underpayment. Sec. 6653(c). As a result, "a taxpayer will automatically create an 'underpayment' in the *561 amount of the correct tax simply because he or she files an untimely return." Emmons v. Commissioner, supra at 349. Petitioner has the burden of proving that respondent erred in imposing this addition to tax. Neely v. Commissioner, supra at 947; Courtney v. Commissioner, 28 T.C. 658, 669 (1957) (applying section 293(a) of the 1939 Code, the predecessor to section 6653(a)). The deemed admissions have established that petitioner failed to file his 1973 Federal income tax return, and he has not presented any evidence that his failure was reasonable or prudent. Therefore, petitioner was negligent and is liable for the addition to tax determined on the entire amount of the correct tax. When an individual taxpayer underpays his or her Federal estimated tax, an addition to tax is determined on the amount of the underpayment at a rate of 6 percent per annum for the period of the underpayment. Sec. 6654(a). Unlike an "underpayment" under section 6653(a), an underpayment under this section takes into account estimated payments. Sec. 6654(b). Petitioner is properly liable for this addition *562 to tax determined based on the amount of tax he underpaid and the period the tax was underpaid. To reflect the foregoing, An appropriate order and decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩