KARL AND BARBARA BOATMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boatman v. Commissioner
Docket No. 20558-93
United States Tax Court
T.C. Memo 1995-356; 1995 Tax Ct. Memo LEXIS 356; 70 T.C.M. (CCH) 256; August 1, 1995, Filed *356 Decision will be entered for respondent. For petitioners: S. Thomas Adler. For respondent: Ann L. Baker. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a deficiency in petitioners' 1990 Federal income tax in the amount of $ 8,282 and an addition to tax under section 6651(a)(1) [1] in the amount of $ 2,071. After concessions, the issues remaining for our consideration are: (1) Whether petitioners are liable for the addition to tax for failure to timely file their 1990 Federal income tax return; and (2) whether Dr. Boatman's pension plan contribution deduction should be reduced. FINDINGS OF FACT Petitioners resided in Oklahoma City, Oklahoma, at the time the petition in this case was filed. The Federal income tax return at issue was filed with the Internal Revenue Service *357 Center in Austin, Texas. Dr. Boatman (petitioner) is a physician who works as a surgeon on the staff at several hospitals. Since 1981, petitioners have had their tax returns and other financial statements prepared by Walter G. Northcutt, Certified Public Accountant. For 1989, petitioners' Federal income tax liability was $ 108,817. On April 15, 1991, Mr. Northcutt filed a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, on petitioners' behalf. Mr. Northcutt estimated petitioners' 1990 tax liability to be $ 60,000, and petitioners included $ 20,000 with their Form 4868. [2]
On August 14, 1991, Mr. Northcutt filed a Form 2688, Application for Additional Extension of Time To File U.S. Individual Income Tax Return, on petitioners' behalf, requesting an extension of time until October 15, 1991, in which to file petitioners' 1990 tax return. The application was granted by the Internal Revenue Service in *358 Austin, Texas. Petitioners filed a complete 1990 Federal income tax return on September 18, 1991, showing a tax liability of $ 118,601. Subsequently, on June 23, 1993, respondent proposed to void petitioners' extension requests because they underestimated and, therefore, underpaid the tax due. On their 1990 return, petitioners deducted a $ 25,736 contribution to Dr. Boatman's self-employed pension plan and a $ 5,024 contribution to another pension plan. Petitioners conceded that the $ 25,736 contribution was not deductible in 1990 because it was not made within the permissible timeframe of section 404(a)(6). OPINION Individuals who compute their income taxes on the calendar year basis must file their Federal income tax returns by April 15 following the close of such year. Sec. 6072(a). Taxpayers may be granted a reasonable extension of time to file their individual income tax returns for no more than 6 months. Sec. 6081(a). Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, is the device with which taxpayers initially apply for an extension of time to file their returns. An extension of time to file does not extend the time for payment *359 of any tax due, and the form must "be accompanied by the full remittance of the amount properly estimated as tax which is unpaid as of the date prescribed for the filing of the return." Sec. 1.6081-4(a), (b), Income Tax Regs. All taxes properly estimated as due are required to be paid by the original due date of the tax return. Crocker v. Commissioner, 92 T.C. 899, 905 (1989); Jacobs v. Commissioner, T.C. Memo. 1994-252. Respondent may properly void an extension where the extension application is invalid because of a failure to properly estimate a tax liability. Crocker v. Commissioner, supra at 905. However, the mere fact of an underestimation does not make an extension application per se invalid. Id. at 906. Respondent contends that petitioners failed to properly estimate their 1990 Federal income tax liability when they filed their extension request. Petitioners' 1989 tax liability was $ 108,817. For 1990, the tax liability shown on petitioners' tax return was $ 118,601, yet they remitted only $ 60,000 by April 15, 1991. The only allegation that petitioners *360 offered to explain why they underestimated their 1990 tax liability by nearly half is that, for the past few years, income from Dr. Boatman's medical practice had been "on a steady decline." Petitioner presented no evidence that his medical practice income was decreasing. In addition, we note that petitioners' tax liability increased from $ 108,817 in 1989 to $ 118,601 in 1990. Petitioner further testified that he "was probably working about the same level" from 1989 to 1990, and that there was no memorable event that would cause his income to drop substantially. There is also no evidence that petitioner computed his tax based on past history, or that it was consistent with a prior taxable year's method of computation. [3] Consequently, we hold that the tax shown on petitioners' 1990 extension was not properly estimated. Crocker v. Commissioner, supra at 905. *361 Because respondent properly voided petitioners' automatic extension for failure to properly estimate their tax liability, petitioners are liable for the addition to tax under section 6651(a)(1) for failure to timely file their tax return, unless they can show that the late filing was due to reasonable cause and not willful neglect. Id. at 912. Petitioners assert that they relied on the advice of their accountant when they prepared and filed their 1990 extension request, as they had done in prior years. For 1990, petitioners gave their accountant no information from which to make a proper tax estimate. It is a taxpayer's obligation to supply his or her accountant with complete and accurate records from which to make a reasonable estimate of the tax liability. Estate of Duttenhofer v. Commissioner, 49 T.C. 200, 205 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969). Failing to file a timely tax return is generally not excused by relying on an accountant, and, thus, such reliance does not amount to reasonable cause. United States v. Boyle, 469 U.S. 241, 252 (1985). Petitioners have shown *362 this Court no reasonable cause for their late filing. Hence, they are liable for the addition to tax under section 6651(a)(1) for failing to timely file their 1990 Federal income tax return. Respondent also determined that petitioner's $ 5,024 pension plan contribution should be reduced by $ 4,324 because the latter amount was not contributed within the timeframe provided in section 404(a)(6). Because petitioners have presented no evidence to the contrary, and because petitioners filed their 1990 Federal income tax return late, we hold that this contribution was not made within such time limits. Sec. 404(a)(6); Rule 142(a). Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩
2. During 1990, petitioners made estimated tax payments of $ 40,000.↩
3. See Jacobs v. Commissioner, T.C. Memo. 1994-252↩ (reasonable for taxpayers to use same system of estimation for many years in computing tax due).