T.C. Memo. 1996-260


UNITED STATES TAX COURT


PATRICK W. HEALEY AND NANCY L. MARSHALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 222-94, 2613-95.                Filed June 6, 1996.


<u>Patrick W. Healey</u>, for petitioners.

<u>Lisa K. Hartnett</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>: Respondent determined that petitioners are liable for a deficiency in Federal income tax, an addition to tax, and a penalty as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a),(c)[1] |
|------|-----------|-------------------------------|----------------------------------------------|
| 1990 | $1,181.38 | $6,503.94 | $6,607.52 |
| 1991 | -- | 3,375.00 | -- |
| 1992 | -- | 2,404.00 | -- |

[1] Respondent determined that petitioners were liable for negligence under sec. 6662(a) and (c), but not substantial understatement under sec. 6662(d).  Thus, we do not consider whether petitioners are liable under sec. 6662(d).

After concessions by petitioners, we must decide the following issues:

1.   Whether petitioners' Applications for Automatic Extension of Time to File U.S. Individual Income Tax Return (Forms 4868) for the years in issue are valid.  We hold that they are not, because petitioners did not properly estimate their tax liability.

2.   Whether petitioners are liable for additions to tax under section 6651(a)(1) for failure to timely file income tax returns for 1990, 1991, and 1992.  We hold that they are.

3.   Whether petitioners are liable for the accuracy-related penalty under section 6662(a) and (c) for negligence for 1990. We hold that they are.

4.   Whether imposition of the additions to tax for failure to timely file under section 6651(a)(1) and failure to timely pay under section 6651(a)(2) and the accuracy-related penalty for negligence under section 6662(a) and (c) for 1990 violates the Double Jeopardy Clause of the Fifth Amendment to the U.S.

Constitution (Double Jeopardy Clause) or otherwise unlawfully penalizes petitioners twice for the same conduct.  We hold that it does not.

5.    Whether respondent's determination that petitioners are liable for the addition to tax for failure to timely file under section 6651(a)(1) for 1991 and 1992 is invalid because respondent unlawfully selected them for audit.  We hold that it is not.

6.    Whether petitioners have made a prima facie showing that the addition to tax under section 6651(a)(1) was selectively applied to them by respondent.  We hold that they have not. Thus, petitioners are not entitled to discover from respondent statistics relating to respondent's application of the addition to tax under section 6651(a)(1) to other taxpayers.

References to petitioner are to Patrick W. Healey. References to petitioner wife are to Nancy L. Marshall.  Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.    <u>Petitioners</u>

Petitioners are married and lived in Lincoln, Nebraska, when they filed the petitions in these cases.

Petitioner is an attorney and senior partner in the law firm Healey & Wieland in Lincoln, Nebraska.  He has had more than 30 years' experience as an attorney, specializing in litigation.  He was a partner at his law firm during the years in issue.  He had access to all financial records of his law firm.

Petitioner received draws from his law firm of $106,250 in 1990, $93,000 in 1991, and $144,120 in 1992.  Petitioner entertained clients as part of his business.

Petitioner reached age 59½ in 1990, which entitled him to receive a $35,000 distribution from his law firm's pension fund. He received that amount during 1990 and deposited it in his bank account.  Petitioner knew that he was required to report the $35,000 as income on his tax return.  When he prepared his 1990 income tax return in August 1991, he did not remember in which year he had received the distribution.  He did not check his records to see when he had received it.

Petitioner wife is an artist, musician, and teacher.  She held shows and entertained clients during the years in issue.

B.  Petitioners' Application for Extension of Time To File Income Tax Returns

    1.  Petitioners' 1990 Tax Year

        a.  Application for Extension of Time To File

Petitioner's law firm had not prepared its partnership tax return for 1990 by April 15, 1991.  On April 15, 1991, petitioner prepared and petitioners filed a Form 4868 in which they

requested a 4-month extension of the time to file their 1990 tax return.

The Form 4868 petitioners filed stated:

> Total tax liability for 1990.  This is the amount you expect to enter on line 27 of Form 1040A, or line 54 of Form 1040.  If you do not expect to owe tax, enter zero (-0-) . . . . .
>
> Caution:  You MUST enter an amount on line 1 or your extension will be denied.  You can estimate this amount; but be as exact as you can with the information you have.  If we later find that your estimate was not reasonable, the extension will be null and void.[1]

Petitioners did not estimate their tax liability for 1990 on line one of the Form 4868.  Petitioners reported that they had paid estimated taxes of $4,800 and had a balance due of $1,200, which they paid when they filed the Form 4868.

b.    Petitioners' Federal Income Tax Return for 1990

Petitioner prepared petitioners' Federal income tax return for 1990.  Petitioners filed it on August 15, 1991.  They reported that petitioner's income from his law firm was $110,615 and that petitioners' tax liability was $18,773.21.  They subtracted their estimated tax payments and the payment they made with the Form 4868, and reported a balance due of $12,773.21.

Petitioners deducted $3,580 for meals and entertainment expenses on their 1990 return.  Petitioners did not keep

---

[1] The Forms 4868 that petitioners signed for 1991 and 1992, discussed below, also contained this language.

contemporaneous records of the business purpose of those expenses.

c.  Audit of Petitioners' 1990 Tax Return

Respondent audited petitioners' 1990 return in September 1991.  Respondent issued a Request for Payment of $565.56 for underpayment of estimated tax, $255.46 for late payment of tax, and $439.59 for interest (a total of $1,260.61) because petitioners did not pay the amount shown on their return. Petitioners then paid those amounts to respondent.  Respondent also made several adjustments to which petitioners agreed. Counting those adjustments, petitioners' 1990 tax liability was $31,856.

Petitioners concede that they should have reported that the $35,000 pension distribution and an additional $5,581 from petitioner wife's business was income in 1990.  Petitioners concede that they erroneously claimed a dependency exemption for their daughter, Robin, in 1990, and $22,833 in itemized deductions for unreimbursed employee expenses and personal property taxes.  After the audit, respondent concluded that petitioners could deduct $15,316 more in business expenses for petitioner's law practice than they claimed on their 1990 Schedule E.

Petitioners disagreed with respondent's conclusions for 1990 that:  (i) They could not deduct $3,580 for meals and

entertainment expenses due to lack of substantiation; (ii) their 1990 Form 4868 was invalid; and that (iii) they are liable for the addition to tax for failure to timely file their 1990 return and the accuracy-related penalty. On December 21, 1992, petitioners signed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Income Tax and Acceptance of Overassessment for 1990. Respondent referred the case to respondent's Appeals Office and issued a notice of deficiency for 1990 on October 8, 1993. Petitioners filed their petition for 1990 (docket No. 222-94) on January 3, 1994.

2.   Petitioners' 1991 Tax Year

a.   Application for Extension of Time To File for 1991

Petitioner prepared and petitioners filed a Form 4868 on April 15, 1992, seeking to extend the time to file their 1991 return by 4 months to August 17, 1992. On it, petitioners estimated that their total tax liability for 1991 was $9,800. They reported that they had made estimated tax payments of $4,800 and had a balance due of $5,000, which they paid with the Form 4868.

b.   Petitioners' Federal Income Tax Return for 1991

Petitioner prepared petitioners' 1991 income tax return. Respondent received petitioners' income tax return for 1991 on August 20, 1992. On that return, petitioners reported that they received $105,322 in income from petitioner's law firm and that

their tax liability was $24,865.52.  After subtracting withheld and estimated tax and tax paid with the Form 4868, they reported that they had a balance due of $14,849.52, which they paid with the return.

Respondent issued a notice of correction of petitioners' 1991 tax return on October 5, 1992, making certain adjustments and imposing penalties and interest.  Petitioners filed an amended 1991 return on January 29, 1993, on which they reported a corrected tax liability of $25,118.

3.  Petitioners' 1992 Tax Year

a.  Application for Extension of Time To File for 1992

Petitioner prepared and petitioners filed a Form 4868 for 1992 on April 15, 1993, in which they estimated that their total tax liability for 1992 was $22,000.  They reported that they had made estimated tax payments of $12,000 and had a balance due of $10,000, which they paid with the Form 4868.

b.  Petitioners' Federal Income Tax Return for 1992

Petitioner prepared petitioners' joint Federal income tax return for 1992.  Respondent received it on August 23, 1993.  The envelope in which the return was mailed was postmarked August 16, 1993.  They reported that they received income of $141,244 from petitioner's law firm and had a tax liability of $35,844.53.  After subtracting withheld and estimated tax and the payment they

made when they filed the Form 4868, they reported that they had a balance due of $13,776.33, which they paid with the return.

### 4. Audit of Petitioners' 1991 and 1992 Returns

On September 26, 1994, respondent's auditor wrote a letter to petitioners enclosing a report recommending additions to tax under section 6651(a)(1) in the amount of $3,375 for 1991 and $2,404 for 1992. The letter said the 1991 and 1992 returns had the same disputed Form 4868 issue that was present on petitioners' 1990 return, and that respondent's auditor wanted to keep the 3 years together.

Respondent issued a notice of deficiency for 1991 and 1992 on December 19, 1994. Petitioners filed the petition for tax years 1991 and 1992 (docket No. 2613-95) on February 16, 1995.

### 5. Summary

The following compares the amount of tax liability petitioners estimated on Forms 4868 for the years in issue with the amounts they reported on Forms 1040 or have otherwise conceded for those years:

| Year | Tax Estimated on Form 4868 | Tax Reported on Form 1040 | Tax Liability Conceded by Petitioners |
|---|---|---|---|
| 1990 | $6,000 | $18,773.21 | $31,856 |
| 1991 | 9,800 | 24,865.52 | 25,118 |
| 1992 | 22,000 | 35,776.33 | 35,776 |

C.    Petitioners' Discovery Request Relating to Imposition of
      Addition to Tax Under Section 6651(a)(1) by Respondent

The parties filed a joint motion to calendar and consolidate these cases.  The Court granted the motion on March 6, 1995. Paragraph 5 of that motion provides:

> 5.    In the event that the Court grants the foregoing Motion to Calendar and Consolidate, the parties hereby stipulate that the petitioners, at the conclusion of the trial of the consolidated cases, may file a motion to keep the record open for a reasonable period of time to pursue discovery of any information described in Exhibit A, attached, which the Court may determine is relevant and material to the issues in these cases.  Respondent will not object to the motion on the grounds that it constitutes untimely discovery or that petitioners have failed to comply with the requirements of Branerton Corp. v. Commissioner, 61 T.C. 691 (1974); however, respondent reserves the right to make any and all other objections.

Exhibit A to that motion is a copy of petitioners' Amended Interrogatories to Respondent.  In it, petitioners requested data about the number of taxpayers who filed Forms 4868 for 1990, 1991, and 1992; how many owed more taxes than they paid by the original due date of the return before extensions; what percentage of those taxpayers owed more than 10, 20, 30, 40, 50, 60, 100, 200, and 500 percent more than the amount they paid by the original due date of their return; and for how many of those taxpayers the Commissioner assessed both the addition to tax under section 6651(a)(1) and the penalty under section 6662(b)(1) and (c).

OPINION

A.   Whether Petitioners' Forms 4868 Are Valid

   1.   Contentions of the Parties

Petitioners contend that the Forms 4868 that they filed for 1990, 1991, and 1992 are valid because they used the same method to estimate their tax liability for the years in issue that they have always used, petitioner was busy with his work, petitioners did not receive the partnership tax returns or Schedules K-1 for 1990 from the law firm in time to prepare the returns by April 15, 1991, and, as to their estimate for 1990, they did not know that they had received the $35,000 pension distribution in 1990.

Respondent contends that the Forms 4868 are invalid because petitioners did not properly estimate their tax liabilities for the years to which the Forms 4868 relate.

   2.   Background

A calendar year taxpayer generally must file returns by April 15 after the close of the calendar year.  Sec. 6072(a). The Commissioner may grant a reasonable extension of time to file a return.  Sec. 6081(a).  A 4-month extension is automatic if a taxpayer timely files a properly prepared Form 4868.  Sec. 1.6081-4(a)(1) and (2), Income Tax Regs.

A Form 4868 is invalid if the taxpayer fails to properly estimate his or her tax liability based on information available to the taxpayer when the extension is requested.  Clayton v. Commissioner, 102 T.C. 632, 650 (1994); Crocker v. Commissioner, 92 T.C. 899, 908, 911 (1989).  A taxpayer must estimate his or her tax liability carefully and must make a reasonable attempt to find information on which to base the estimate.  Crocker v. Commissioner, supra.  The mere fact that a taxpayer underestimates his or her tax liability does not invalidate a Form 4868 or void an automatic extension.  Id. at 907.

3.    Whether Petitioners Properly Estimated Their Tax

Petitioners contend that they estimated their tax with reasonable care on Forms 4868 for the years in issue.  They contend that the lack of tax documents, such as partnership tax returns from petitioner's law firm and a Form 1099 for the pension distribution, is reasonable cause for their failure to estimate their tax for 1990 more accurately.  They also argue that their oversight was understandable in the rush of completing and filing their Form 4868 for 1990.

We disagree.  Petitioner has shown no reason why he, as senior partner, could not have obtained the partnership returns sooner.  Petitioners could have ascertained the amount of the draws that petitioner received from his law firm in each year in

issue and that he received from the pension distribution in 1990. Those amounts would have enabled petitioners to estimate their tax liability for the years in issue far more accurately than they did. Petitioner's draws and the income that he reported from his law firm are as follows:

| Year | Draws | Income From Law Firm |
|------|-------|----------------------|
| 1990 | $106,250 | $110,615 |
| 1991 | 93,000 | 105,322 |
| 1992 | 144,120 | 141,244 |

Petitioners did not follow the instructions on the Forms 4868 for 1990. Line 1 of Form 4868 calls for the total tax liability for 1990 that the taxpayer expects to enter on his or her individual income tax return. For 1990, petitioners did not make an entry on line 1 of Form 4868. One could infer that petitioners made a tax liability estimate of $6,000 based on the Form 4868 by adding the balance due ($1,200) to the total payments and credits ($4,800). However, $6,000 would not have been a reasonable estimate; $6,000 is less than one-fifth of the 1990 tax liability ($31,856) to which they later agreed. For 1991, petitioners' estimate of their tax was about two-fifths of their liability as reported on their income tax return, and for 1992, their estimate was about two-thirds of their liability as reported on their income tax return. See table at par. B-5 of the Findings of Fact, p. 9. Petitioners did not make a bona fide attempt to base their estimate on information that was reasonably

available to them for the years in issue.  See Crocker v. Commissioner, supra at 910; Boatman v. Commissioner, T.C. Memo. 1995-356 (Form 4868 invalidated when the taxpayers, whose tax liability was $118,601, estimated that their tax liability was $60,000).

Petitioners contend that their situation is like that of the taxpayers in Hudspeth v. Commissioner, T.C. Memo. 1985-628, revd. and remanded on another issue 914 F.2d 1207 (9th Cir. 1990).  We disagree.  We concluded in Hudspeth that the taxpayers properly estimated their tax liability based on information available to them at the time.  Petitioners had but did not use information which was available to properly estimate their tax liability.

We also have considered Jacobs v. Commissioner, T.C. Memo. 1994-252, in deciding this case.  In Jacobs, the taxpayer husband, a lawyer, included his monthly billings in his estimated income but did not include in his monthly billings, or in his estimated income, about $29,500 of fees from a personal injury lawsuit which had been deposited in a client trust account.  We held that the taxpayers properly estimated their tax according to their regular bookkeeping procedures based on the total of the monthly billings.  We found that their failure to count the client trust fund in estimating their tax on the Form 4868 did not invalidate their extension request.  Here, there is no evidence of how petitioners estimated the tax liability shown on

their Forms 4868 or that they considered petitioner's partnership draws or income. For 1992, for which petitioners estimated that their tax liability was two-thirds of what they later reported on their Form 1040, there is no evidence that the error related to an unusual item. Thus, petitioners have not shown that they used a reasonable method to estimate their tax liabilities when they filed the Forms 4868 for the years in issue.

Petitioners contend that respondent should have informed them in a timely manner that their Forms 4868 were invalid. We disagree. Holding otherwise would unreasonably require the Commissioner to conduct a detailed examination of every extension request before approving it. Crocker v. Commissioner, supra at 911.

Petitioners did not properly estimate their tax liability on the Forms 4868 they filed for 1990, 1991, and 1992. Thus, we hold that those forms are invalid. See id. at 910.

B. Whether Petitioners Are Liable for Additions to Tax for Failure To Timely File Under Section 6651(a)

Section 6651(a)(1) provides for an addition to tax up to 25 percent for failure to timely file Federal income tax returns unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985); Davis v. Commissioner, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985).

Petitioners relied on the automatic extensions for the years in issue as a defense to the addition to tax for failure to timely file under section 6651(a). Reliance on an automatic extension is not reasonable cause for a taxpayer's failure to timely file a return if the taxpayer failed to properly estimate his or her tax liability in requesting the extension. Crocker v. Commissioner, 92 T.C. 899 (1989).

We conclude that petitioners are liable for the additions to tax under section 6651(a).

C.  Whether Petitioners Are Liable for the Accuracy-Related Penalty Under Section 6662(a)

Respondent determined that petitioners are liable for the accuracy-related penalty for 1990 under section 6662(a) and (c) because of negligence (see note 1 to table, p. 2). Taxpayers are liable for a penalty equal to 20 percent of the portion of the underpayment to which section 6662 applies. Sec. 6662(a). For purposes of section 6662(a), negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c).

Negligence frequently involves a failure to report income or an overstatement of deductions. Marcello v. Commissioner, 380 F.2d 509 (5th Cir. 1967), affg. T.C. Memo. 1964-303; Beus v. Commissioner, 261 F.2d 176 (9th Cir. 1958), affg. 28 T.C. 1133 (1957); Estate of Mason v. Commissioner, 64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Petitioners did not explain

why they did not report all of petitioner wife's income, and they could have easily checked to see when they had received the $35,000 pension distribution.

Failure to keep adequate records is evidence of negligence. Marcello v. Commissioner, supra; Magnon v. Commissioner, 73 T.C. 980 (1980). A taxpayer is required to maintain records sufficient to correctly prepare his or her tax return. Sec. 1.6001-1(a), Income Tax Regs. Petitioners had insufficient records to support their claimed deduction of expenses for meals and entertainment, $6,818 in business expense deductions for petitioner wife's activities, and $22,833 in itemized deductions for unreimbursed employee expenses and personal property taxes.

Petitioners contend that they were not negligent in erroneously claiming a dependency exemption for their daughter, Robin, because they did not know how much she earned. Petitioner apparently assumed without checking that they could claim an exemption for her. There is no evidence that they tried to find out how much she earned.

Petitioners' understatement of income and overstatement of deductions and the inadequacy of their records are sufficient to show that they were negligent. We conclude that petitioners are liable for the accuracy-related penalty for 1990 under section 6662(a).

D.   <u>Whether the Double Jeopardy Clause Bars Imposition of the</u>
     <u>Additions to Tax for Failure To Timely File and Pay Under</u>
     <u>Section 6651(a)(1) and (2) and the Penalty for Negligence</u>
     <u>Under Section 6662(a) and (c)</u>

Petitioners contend that imposition of both the addition to
tax for failure to timely file and pay under section 6651(a)(1)
and (2)[2] and the accuracy-related penalty under section 6662(a)
and (c) for negligence is unlawful and violates the Double
Jeopardy Clause because those sections penalize the same conduct.
We disagree.

1.   <u>Sections 6651(a)(1) and (2) and 6662(a) Are Not</u>
     <u>Punishment for Purposes of the Double Jeopardy Clause</u>

The Double Jeopardy Clause forbids "any person * * * subject
for the same offense to be twice put in jeopardy of life or
limb."[3]   Petitioners contend that sections 6651(a)(1) and (2)
and 6662(a) impose punishment as defined in <u>Department of Revenue</u>
<u>v. Kurth Ranch</u>, 511 U.S. __, 114 S. Ct. 1937 (1994), and <u>United</u>

---

[2] See par. D-3, p. 21.

[3] The Fifth Amendment to the Constitution provides as
follows:

     No person shall be held to answer for a capital,
or otherwise infamous crime, unless on a presentment or
indictment of a Grand Jury, except in cases arising in
the land or naval forces, or in the Militia, when in
actual service in time of War or public danger; nor
shall any person be subject for the same offense to be
twice put in jeopardy of life or limb; nor shall be
compelled in any criminal case to be a witness against
himself, nor be deprived of life, liberty, or property,
without due process of law; nor shall private property
be taken for public use, without just compensation.

States v. Halper, 490 U.S. 435 (1989). A civil sanction is punishment for double jeopardy purposes if it is not solely remedial but also serves punitive goals of deterrence or retribution. Department of Revenue v. Kurth Ranch, 511 U.S. at __, 114 S. Ct. at 1944; United States v. Halper, supra at 448-449; see Barnette v. Commissioner, 95 T.C. 341, 346-347 (1990) (discussing Halper).

Additions to tax such as section 6651(a) are not punishment for purposes of the Double Jeopardy Clause. The U.S. Supreme Court has said:

> The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. [Helvering v. Mitchell, 303 U.S. 391, 401 (1938).]

See Miller v. Commissioner, T.C. Memo. 1994-249 (increased interest under section 6621(c) not punishment); Dillon v. Commissioner, T.C. Memo. 1981-583. The accuracy-related penalty under section 6662(a) and (c) for negligence is also remedial. See Helvering v. Mitchell, supra at 399-406 (the 50-percent addition to tax for civil fraud is remedial and not punitive for double jeopardy purposes); United States v. Alt, ___ F.3d ___ (6th Cir., May 15, 1996); Ianniello v. Commissioner, 98 T.C. 165, 176-177 (1992). The accuracy-related penalty under section 6662(a) is 20 percent. It is less severe than the addition to

tax for fraud. We conclude that the accuracy-related penalty under section 6662(a) and (c) is not punishment for purposes of the Double Jeopardy Clause.

Sections 6651(a) and 6662(a) are quite different than the Montana drug tax, the imposition of which the U.S. Supreme Court held violated the Double Jeopardy Clause. Department of Revenue v. Kurth Ranch, 511 U.S. at __, 114 S. Ct. at 1944. Montana imposed almost $900,000 in taxes and penalties against six individuals who pleaded guilty to possession or storage of dangerous drugs. Id. at __, 114 S. Ct. at 1942, 1946-1947. Montana assessed the tax on illegally possessed marijuana and hash oil which had been confiscated. The tax equaled about 800 percent of the market value of the confiscated drugs. The tax applied only in cases in which the State had imposed a criminal penalty for possession of illegal drugs. Id. at __, 114 S. Ct. at 1947. The Supreme Court held that the Montana drug tax is the equivalent of criminal punishment for purposes of the Double Jeopardy Clause. Id. at __, 114 S. Ct. at 1948. Sections 6651(a) and 6662(a) and (c) are very different from the Montana drug tax; those sections are remedial and intended to compensate the Government for a taxpayer's noncompliance. Thus, Department of Revenue v. Kurth Ranch, supra, does not control here. See United States v. Alt, supra.

2.  Sections 6651(a)(1) and 6662(a) Do Not Punish the Same
    Conduct for Purposes of the Double Jeopardy Clause

The Double Jeopardy Clause applies only if a person is put in jeopardy twice for the same conduct.  Conduct is different for double jeopardy purposes if the two proceedings require proof of different facts.  "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932); see also Brown v. Ohio, 432 U.S. 161, 166 (1977).  If each statutory provision requires proof of a fact that the other does not, the Blockburger test is met and the provisions are not the same for double jeopardy purposes.  Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975).

Section 6651(a)(1) and (2) applies to failure to timely file a return and pay tax.  Section 6662(a) and (c) requires proof of negligence.  Thus, conduct under section 6651(a)(1) and (2) and section 6662(a) and (c) is not the same for double jeopardy purposes.  See sec. 1.6662-2(a), Income Tax Regs.  Petitioners are liable for the addition to tax for failure to timely file under section 6651(a)(1) for 1990 because they did not properly estimate their tax liability on their Forms 4868, thus invalidating respondent's consent based on those forms to extend filing dates for those returns by 4 months.  See pars. A and B, pp. 10, 14.  They are liable for the accuracy-related penalty

under section 6652 (a) and (c) for 1990 because they underreported their income, overstated their deductions, and failed to keep adequate records. See par. C, p. 15. Also, the additions for tax for negligence and late filing are remedial.

We conclude that the Double Jeopardy Clause does not shield petitioners from liability for additions to tax under sections 6651(a) and 6662(a).

Petitioners also contend that respondent unlawfully (other than in violation of the Double Jeopardy Clause) penalized them twice for the same conduct. Petitioners have not given any authority to support this theory, and we are aware of none.

3. Imposition of the Addition to Tax Under Section 6651(a)(2)

Respondent determined that petitioners are liable for the additions to tax under section 6651(a)(1) for all of the years in issue but did not determine that petitioners are liable under section 6651(a)(2). Before respondent determined that petitioners were liable for the addition to tax under section 6651(a)(1), respondent issued a Request for Payment for 1990 to petitioners to pay the addition to tax under section 6651(a)(2). The Commissioner may assess tax without issuing a notice of deficiency if a taxpayer does not pay the amount shown on his or her return. Sec. 6213(b)(1). Petitioners paid the addition to tax for late payment under section 6651(a)(2) before respondent determined that they are liable for the addition to tax under

section 6651(a)(1).  Petitioners contend that the imposition of additions to tax under section 6651(a)(1) and (2) violates the Double Jeopardy Clause.  We disagree.

Section 6651(a)(1) provides for an addition to tax for failure to timely file Federal income tax returns of 5 percent per month up to 25 percent of the difference between the correct amount of tax and the amount paid before the due date plus credits.  Section 6651(a)(2) provides for an addition to tax of 0.5 percent per month up to 25 percent for failure to pay the amount shown or required to be shown on a return.  A taxpayer may fail to file and pay a tax, and thus be subject to both section 6651(a)(1) and (2).  See sec. 6651(c)(1).  If that occurs, the amount of the addition to tax under section 6651(a)(1) is reduced by the amount of the addition to tax under section 6651(a)(2) for any month to which an addition to tax applies under both paragraphs (1) and (2).  The combined amounts under paragraphs (1) and (2) cannot exceed 5 percent per month.  Sec. 6651(c)(1).  Also, section 6651(a)(1) requires proof of different facts from section 6651(a)(2).  See Iannelli v. United States, supra; Blockburger v. United States, supra.  Also, the additions to tax under section 6651(a)(1) and (2) are remedial.  Thus, we conclude that imposition of additions to tax under section 6651(a)(1) and section 6651(a)(2) does not violate the Double Jeopardy Clause.

E.    Whether Petitioners Are Not Liable for Additions to Tax
      Under Section 6651(a) Because Respondent Selectively Applied
      It to Them

          1.    Background

Petitioners contend that they are not liable for additions to tax under section 6651(a) because, in petitioners' view, respondent selectively applied it to them.  We disagree.

The standard for evaluating a claim of selective or discriminatory prosecution in a criminal case is as follows:

> the person asserting such a claim bears the burden of establishing, prima facie, both:
>
> > (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for [investigation], and (2) that the government's discriminatory selection of him for [investigation] has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. [St. German of Alaska E. Orthodox Catholic Church v. United States, 840 F.2d 1087, 1095 (2d Cir. 1988).]

Petitioners' claim lacks merit if it does not meet the standard applied in criminal cases.  Karme v. Commissioner, 673 F.2d 1062, 1064 (9th Cir. 1982), affg. 73 T.C. 1163 (1980).

          2.    Petitioners' Discovery Request

Petitioners seek to discover statistical information about respondent's imposition of additions to tax under section 6651 against taxpayers who filed Forms 4868 for the years in issue. Petitioners argue that they will not know whether it was rational

for respondent to impose the penalties unless respondent responds to their discovery requests. Petitioners speculate that the facts they seek may show that petitioners were treated unlawfully or arbitrarily, or lead to evidence showing that there was unlawful discrimination.

Respondent contends that the data would be irrelevant and production would be burdensome.

We need not allow discovery relating to a claim that respondent has selectively enforced the law or unlawfully discriminated unless the proponent makes a prima facie showing that both elements of the standard stated above are met. St. German of Alaska E. Orthodox Catholic Church v. United States, supra; United States v. Bohrer, 807 F.2d 159, 161 (10th Cir. 1986); United States v. Bustamante, 805 F.2d 201, 202 (6th Cir. 1986); United States v. Moon, 718 F.2d 1210, 1229 (2d Cir. 1983); United States v. Ness, 652 F.2d 890, 892 (9th Cir. 1981); United States v. Catlett, 584 F.2d 864, 866 (8th Cir. 1978); Penn-Field Indus., Inc. v. Commissioner, 74 T.C. 720, 724 (1980) (Internal Revenue Service (IRS) was not required to produce audit data to taxpayer which failed to make a prima facie case that it was improperly selected for audit); Davis v. Commissioner, 65 T.C. 1014, 1022-1024 (1976) (IRS was not required to produce letter rulings relating to other taxpayers who had claimed deductions similar to those claimed by taxpayer). Petitioners

have not made a prima facie showing that either of the elements are met; i.e., (1) That respondent applied section 6651(a)(1) to petitioners while not proceeding against others who were similarly situated; or (2) that respondent selectively discriminated against them based on impermissible considerations such as race, religion, or the desire to prevent the exercise of constitutional rights.

3. <u>Petitioners' Allegation That Respondent's Determinations for 1991 and 1992 Are Punishment for Petitioners' Challenge to Respondent's Determination for 1990</u>

Petitioners contend that respondent's determinations for 1991 and 1992 unlawfully punishes them for challenging respondent's determination for 1990. We disagree.

The Commissioner has broad authority to investigate and examine persons who may be liable for taxes. <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 328-329 (1974). The IRS "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." <u>United States v. Powell</u>, 379 U.S. 48, 57 (1964); <u>United States v. Morton Salt Co.</u>, 338 U.S. 632, 642-643 (1950).

Petitioners point out that respondent issued the notice of deficiency for 1991 and 1992 after petitioners filed the petition contesting respondent's 1990 determination. There is nothing improper about this sequence of events or the fact that respondent audited petitioners for 3 consecutive years. See

Foxman v. Renison, 625 F.2d 429, 432 (2d Cir. 1980) (IRS audit of taxpayer's returns for 4 consecutive years was not an unlawful selective audit). Petitioners filed their 1991 and 1992 returns on August 20, 1992, and August 23, 1993, respectively. It would have been virtually impossible for respondent to make a determination relating to petitioners' 1991 and 1992 tax years as early as the determination was made for 1990. We infer no improper motive or bias in respondent's determinations for 1991 and 1992.

Petitioners point out that on September 26, 1994, respondent's auditor wrote petitioners a letter attaching her report of proposed income tax examination changes for petitioners' 1991 and 1992 tax years (additions to tax for failure to file under section 6651(a)(1)). She said in the letter that she forwarded those reports to keep them with the 1990 file because they all presented the same Form 4868 issue. Petitioners contend that the letter from respondent's auditor shows that respondent determined that the additions to tax apply for 1991 and 1992 because petitioners challenged respondent's determination for 1990. We disagree. The September 26, 1994, letter shows that respondent's auditor wanted to keep petitioners' 1990, 1991, and 1992 audits together because they presented the same disputed Form 4868 issue. It does not show that respondent had an improper motive.

4.  <u>Conclusion</u>

For the foregoing reasons, we deny petitioners' motion to compel further discovery relating to whether respondent has illegally or selectively enforced the law in this case.


To reflect concessions by petitioners and the foregoing,

<u>Decisions will be</u>

<u>entered for respondent</u>.